DEBT.

## Best *vs* Givens & Wood.

### ERROR TO THE GARRARD CIRCUIT.

Case 24.   *Infancy. Merger. Confirmation. Pleading. Evidence.*

September 26.   JUDGE MARSHALL delivered the opinion of the Court.

The case stated.   HUMPHREY BEST having purchased of Givens & Wood, goods, wares, and merchandize, (a part of which were necessaries,) to the amount of $213 59, in consideration thereof, gave his note to them for that sum, on the 16th of July, 1840, about three months before he came of age. To an action brought on this note, he pleaded, in March, 1841, that he was an infant when he executed it. In May; 1841, Givens & Wood commenced an action of assumpsit, for the price of the same goods, and on the trial of that action, under the plea of *non-assumpsit*, (in June, 1841,) the defendant relied upon the note as a bar to the action of assumpsit. But the Court overruled his motion for instruction on that subject, and instructed the jury that the plaintiff could recover so far as the goods were necessaries, &c. The verdict for the plaintiff was, however, set aside, and at the September term, (28th of September, 1841,) on a second trial, the Court instructed the jury, on motion of the defendant, that the note, whether executed when the defendant was an infant or not, merged the account, if given in consideration of it,

and they should find for the defendant if they believed the note was executed for that consideration. On which a verdict was found for the defendant, and the plaintiff's motion for a new trial was overruled.

BEST
vs
GIVENS & WOOD.

In the mean time, on the 22d of September, 1841, the plaintiffs replied to the plea of infancy in the action on the note, that the defendant, since he came of age, had recognized and affirmed the note. The defendant, after his objection to the filing of the replication was overruled, filed a rejoinder, and at the March term, 1842, the whole record of the action of assumpsit having, notwithstanding the opposition of the defendant, been read in evidence, the Court, on motion of the plaintiff, instructed the jury that if, in the action of assumpsit, the defendant set up and relied on the note as a defence, after he attained full age, they ought to find for the plaintiffs. A verdict was accordingly found for the plaintiffs, and to reverse the judgment thereon, the defendant prosecutes this writ of error.

A note executed by an infant is not void but voidable.

One of the grounds insisted on for the reversal of the judgment, is that the Court erred in permitting the replication to be filed, because of its insufficiency in not stating the manner of the alledged affirmance of the note, and that it occurred before the institution of the suit. But as these are objections to the matter and form of the plea, and arising on its face, they are, (if available at all,) proper grounds for a demurrer, and not for a refusal to permit the plea to be filed. And although this Court has refused to reverse a judgment, on the sole ground that a plea substantially bad, had been rejected when offered to be filed, because the defendant could not have been prejudiced by the rejection of a plea wholly ineffectual, it has not intended to sanction the practice of making such objections by way of motion, when there is no demurrer. But even if an objection made without demurrer, were deemed equivalent to a demurrer, in drawing in question the validity of the plea, in point of matter and form, it should follow that as the party objecting has the same advantages as if he had demurred, he should be subject to the same disadvantages also. And he can no more stand by his objections to the pleading, when they

Tho' this Court do not intend to sanction the practice of trying the sufficiency of pleas by objection merely, where no demurrer is filed, yet if the party objecting reply, he can no more afterwards avail himself of an error of the Court than if a demurrer had been filed and overruled.

To an action of debt on a note, the defendant plead infancy at the date of its execution; subsequently the plaintiff brought assumpsit on the original consideration, to which defendant replied, that the simple contract had been merged by the execution of a note for the demand, and relying on this plea succeeded in defeating a recovery on assumpsit; the plaintiff in the action of debt then replied to the plea of infancy, that defendant had affirmed the note and ratified the same, subsequently to its execution, when of full age, and offered the record of the case in assumpsit as evidence thereof; held that the record in assumpsit was properly admitted as evidence, and showed an affirmance of the note.

are overruled, and at the same time answer it by matter of fact, than he can stand by his demurrer when it is overruled, and at the same time deny or avoid the pleading demurred to. The rejoinder in this case was, therefore, as much a waiver of the objections to the replication, as if they had been taken by way of demurrer.

It may be remarked, however, that the replication, though not as explicit as it might have been, presents a substantial answer to the plea. And as the particulars as to the time and manner of the alledged affirmance which were wanting in the replication, appear in the evidence, the defendant has in fact lost no just advantage by transferring the question of law from the pleading to the facts proved. The real question then is, whether the defendant's reliance upon the note as a bar to the action of assumpsit, was a confirmation of the note; and if it were, as this defence, which was at first unsuccessful, did not prevail until after the institution of the suit on the note, and after the plea of infancy in that suit, whether it can avail to avoid the plea and sustain the action. The note, though standing on the footing of a specialty, was not void but voidable only—good according to its tenor until avoided, and until avoided capable of confirmation so as to prevent a future avoidance of it. An act of confirmation need not be of the same dignity or solemnity as the note itself: *Tucker* vs *Moreland*, 10 *Peters*, 76, and cases there cited. But an act of avoidance to defeat or prevent a subsequent confirmation, must be of such a nature as of itself to destroy or counteract the deed or its effect. And although the 'filing of the plea of infancy was the proper mode or step for avoiding the note in this case, and if it had prevailed might have been referred to as the act of avoidance, it was but an initiatory step, and did not (as the defendant contends,) *ipso facto*, accomplish the end. For not only might the plea have been sufficiently answered by the replication, and defeated on the trial, but it might, though true, have been withdrawn at any time before judgment; and as the defendant was not bound by it, he might at any time before trial confirm the note, notwithstanding the plea. He had a right to confirm it on the trial of the action of assumpsit. And as the real

effect of a confirmation is only to prevent an avoidance, or disaffirmance, for the original act, though voidable, is good until disaffirmed; we do not doubt that an affirmance or confirmation, though made after the commencement of the action on the note, and even after a plea of infancy in that action, would be sufficient to avoid the plea and sustain the action.

It appears then, that upon the trial of the action of assumpsit, in June, after the plaintiffs had proved their account, the defendant produced and proved the note, (then on file in the present suit,) and proved its acceptance in discharge of the account; and moved for the instructions, that on these facts the plaintiffs could not recover. The defendant, therefore, introduced and set up, and relied upon the note as a merger of the account and a bar to the action; and as the note, unless obligatory itself, could not merge the account, in taking this ground he in effect maintained and acknowledged the validity of the note. He may not have intended thereby to preclude himself from disaffirming the note by maintaining his plea in the action upon it, but he asserted it to be effectual to his advantage as a merger of the assumpsit, and if this assertion could make it effectual to that purpose, in his favor, it could and did make it effectual for all purposes against him. Conceding, without deciding, that these acts, though sufficient in their nature to constitute an affirmance of the note, were not absolutely obligatory upon the defendant, and that failing in his motion, he might have abandoned the ground which he had assumed, and submitting to the verdict in the action of assumpsit, have thrown himself back upon his plea in the action of debt. The record shows that he did not abandon his ground, but that he obtained a new trial, and as may be inferred, merely because his motion for the instruction above noticed was overruled, and that he eventually succeeded, and before the trial of the action of debt, in defeating the action of assumpsit, on the sole ground that the account was merged in the note. We think it cannot be questioned that these facts, taken together, constitute a recognition and affirmance of the note in the most solemn and obligatory form, and left no ground for maintain-

ing the plea.  But the note was not affirmed either by the mere act of the Court in giving the instruction, or by that of the jury in finding the verdict for the defendant, or by the judgment, but by the act of the defendant himself, in setting up and relying upon the note as effectual to merge the assumpsit.   He had a right to make the note effectual; he clearly indicated his intention to make it so, so far as might be to his advantage, by setting it up and relying on it, and the instruction, verdict and judgment, which were improperly withheld from him on the first trial in June, but which were obtained at the succeeding term, were the proper legal consequences of the assertion of his right, sufficiently made and demonstrated in June, and persisted in until his final success in September.

If, instead of setting up and relying on the note in evidence, and by way of motion for instructions, he had set it up in a plea in bar, filed at the June term, and after failing on the trial in June, from improper instructions, had succeeded in September, it would, we think, be manifest that his affirmance of the note should be referred to the time of filing the plea, and not to the date of the verdict or judgment in his favor.   And if, because he might at any time before judgment, have abandoned the plea, the mere fact of filing it should not have been considered as alone sufficient to establish an affirmance of the note, still the filing of it would be the real and only act of confirmation, and the subsequent proceedings would only have shown that he had not abandoned, but had adhered to and maintained it.   In such case the whole record of the action of assumpsit would be admissible and sufficient to support a replication of affirmance filed in the action on the note, after the plea setting up the note in the action of assumpsit had been filed, but before the final determination of that suit.   But the course actually pursued in defending the action of assumpsit, though differing in mode from that which has been supposed, was not different in substance and effect.   The note was set up and relied on as a merger of the assumpsit, before the replication of affirmance was filed, and the same defence was persisted in and continued to a successful result after the replication was filed.   And if the assertion of the

validity of the note, implied in the mere act of setting it up and relying on it in bar of the assumpsit in June, was not of itself an affirmance irrespective of all that might have followed, yet being itself the decisive fact of which the subsequent proceedings were but the continuance and the consequence, it should give date to the affirmance, as in case of a plea. We are of opinion, therefore, that the entire record of the assumpsit case, was admissible, and that it showed an affirmance prior to the filing of the replication. But even if we were mistaken in this conclusion, and if the affirmance should be considered as having been effected by the judgment, and as being, therefore, subsequent to the filing of the replication; yet as, upon that supposition, it would still have operated to avoid the effect of the plea and to sustain the action, and as it might have been replied, (by withdrawing the replication on file,) and might still be replied with effect, if the cause should be remanded ; and as, from the nature of the case, there could have been no injurious surprise from its admission as evidence under the issue joined on the replication, though not strictly embraced by it; and as, moreover, the verdict and judgment are manifestly just, we should be unwilling to reverse the judgment and remand the cause for the mere purpose of withdrawing the replication and again filing the same or a similar one, on which the verdict and judgment must be precisely the same as those now before us.

Wherefore, the judgment is affirmed.

*Turner and Bradley* for plaintiff: *Cates & Lindsey* for defendants.