## KITCHEN *vs.* LEE and PRICE.

Where upon the dissolution of a copartnership between K. and L. the former conveyed his interest in the partnership effects to the latter, upon condition that L. would pay the debts of the firm, and L. subsequently refused to pay such debts upon the ground that he was an infant; *Held* that the infant could not retain the partnership effects and at the same time refuse to perform the condition upon which they were assigned to him.

*Held also*, that if he elected to rescind the agreement upon the ground that he was an infant at the time it was made, K. had a right to insist that the partnership effects should be applied to the payment of the debts of the firm in the same manner as if the agreement had not been made; except so much thereof as had been sold to a bona fide purchaser and paid for, without notice of the complainant's rights.

An infant cannot retain property, purchased by him, and at the same time repudiate the contract of purchase under which he received the property. And where the infant, after he becomes of age, repudiates the sale, the title to the property remains in the vendor, as between such vendor and the infant.

THIS was an appeal, by the defendant Lee, from a decretal order of the vice chancellor of the first circuit, overruling the appellant's plea. In February, 1841, the complainant and the defendant Lee entered into copartnership in the mercantile business in New-York; and during the continuance of such copartnership they, as copartners, contracted debts by the purchase of goods upon credit. In September, of the same year, the complainant retired from the business, and left Lee to carry it on alone; and relinquished to him the goods of the firm, amounting to about $4500, upon condition that Lee would pay or procure to be paid the debts then due from the firm, and would indemnify the complainant against the same. The bill stated that previous to the complainant's retiring from the firm, the defendant Lee represented to him that he was twenty-one years of age; but that subsequent to the dissolution he had refused to pay the debts of the firm, upon the ground that he was an infant and not legally liable to pay such debts; and that he had sworn to the truth of a plea of infancy, in a suit at law brought against him by some of the creditors. The bill also alleged that a pretended sale of the goods had been made, by Lee, to the defendant Price, subsequent to the dissolution of the copartnership; but

Kitchen *v.* Lee.

the bill charged that the same was made without consideration, and was made with a full knowledge on the part of the defendant Price that the debts of the copartnership remained unpaid, and that the sale to him was fraudulent as against the complainant. The bill prayed for an injunction, and for a receiver, and that the goods might be applied to the payment of the copartnership debts, or for such other relief as might be proper upon the case made.

To this bill the defendant Lee pleaded that at the time of making the agreement to pay the copartnership debts, as stated in the bill, he was an infant within the age of twenty-one years, and that the complainant had notice of the same.

*J. M. Martin*, for the appellant:

*A. P. Man*, for the respondent.

The Chancellor. The plea in this case is founded upon the supposition that the complainant is not entitled to any relief whatever, if the defendant Lee, as an infant, was not bound by his contract to pay the debts of the copartnership. It does not follow, however, that the complainant is without remedy in this court, even if Lee is not legally bound by his agreement upon the dissolution of the copartnership. The contract was one which he might affirm or repudiate at his election. But he cannot be permitted to retain all the copartnership effects, and at the same time refuse to perform the condition upon which the complainant's interest in the effects of the firm was to become his property. If the defendant Lee, therefore, elects to rescind the agreement, made upon the retiring of the complainant from the business, the latter has a right to insist that his interest in the copartnership effects shall be applied to the payment of the debts in the same manner as if the dissolution had not taken place; unless the goods have gone into the hands of a bona fide purchaser who had actually paid for them before he had any notice whatever of the complainant's rights.

The rule of law on the subject is, that an infant cannot be

permitted to retain the property purchased by him and at the same time repudiate the contract upon which he received it. (*Lynde* v. *Budd,* 2 *Paige's Rep.* 191. *Deason* v. *Boyd,* 1 *Dana's Rep.* 45. *Cheshire* v. *Barrett,* 4 *McCord's Law Rep.* 241.) If the goods in this case had belonged to the complainant exclusively at the time of the agreement, and the infant had repudiated his agreement when he became of age, trover or replevin would have been the proper remedy for the goods if they remained unchanged. (*Badger* v. *Phinney,* 15 *Mass. Rep.* 359.) But this being copartnership property, previous to the agreement, the only remedy of the complainant was in this court. And this plea of infancy is not a full defence to the case made by the bill. It was properly overruled, therefore, with costs. But as it is possible that the defendant Lee has not, since he became of age, done any act to affirm the contract made with the complainant upon the dissolution of the copartnership, he must be permitted in his answer to set up the defence of infancy so far as to protect him from any personal liability arising out of the agreement mentioned in the bill, except such liability as may result from his repudiation of the agreement. This, if it had been asked for, would have been granted of course by the vice chancellor. Or the plea would have been permitted to stand for an answer, if the defendant had requested it; although that would not have been beneficial to him, as it would have deprived him of the power of setting up any other matter of defence.

The order appealed from must be affirmed with costs, but without prejudice to the right of the defendant to set up the defence of infancy in his answer, as above suggested, so far as it can avail him