JUDGE ELLIOTT
delivered the opinion of the court.
Appellee purchased a horse of appellant in 1875, and when he was under twenty - one years of age. He arrived at age and sold his horse for $60, for which he took the note of the purchaser. In this suit for the price of the horse appellee relied on two defenses, fraud in selling an unsound for a sound horse, and infancy at the time of the purchase.
If the defense of fraud had been established, the appellee would have been entitled to have the damage which resulted therefrom deducted from the price of the horse.
If the plea of infancy were sustained, that defense was a bar to the action, unless the appellee converted the horse or kept it and used it as his own property after he arrived at age.
In Tyler on Infancy and Coverture, p. 82, it is asserted that “ where an infant purchased a horse, and gave his note for the purchase-money, and kept the horse until after he was of age, and then sold him, this was regarded as a ratification of the purchase, and the infant was held liable on his note; so *394 if an infant buy goods on credit, and has them in his possession, and uses them, and does.not return them to the vendor within a reasonable time after he comes of age, it has been held that he thereby ratifies the purchase and becomes liable for the price of the goods. So where an infant purchased a yoke of oxen, for which he gave his negotiable promissory note. After he became of age he disposed of the oxen and received the avails. This was held a ratification of the purchase, and the infant was made liable to pay his note.”
It is true that the plaintiff can not sue upon the defendant’s promise made after he was of age to pay the debt incurred during infancy, unless such promise is evidenced by a writing, but if the purchase is made during infancy, and the thing purchased has been kept and used by the infant till his arrival at age, and then converted to his own use, such conduct amounts to an election by the adult to stand by the contract made while he was an infant.
The reasoning upon which this doctrine rests is, that the contract of the infant is not void like that of a feme eovert, but is only voidable. And having used, sold, and converted after his arrival at age, the property purchased during his infancy, he has, in contemplation of law, elected when an adult, to keep the property at the price, and on the terms agreed on when he was an infant.
The evidence in this case conduces to prove that after his purchase of the horse the appellee sold it and took the purchaser’s promissory note for $60 as the purchase-price, which note was still in appellee’s possession and unpaid in October, 1877. And these facts were substantially set up in plaintiff’s reply, to which a demurrer was sustained. The reply alleged that the appellee became of age in January, 1876, and sold and converted the horse by receiving the purchaser’s promissory note for it.
If after his arrival at age the appellee sold and converted *395 the horse, his conduct amounted to a confirmation of the original agreement, and needed no written promise to support it. And therefore the court erred in sustaining appellee’s demurrer to appellant’s reply.
"Wherefore the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.