JAMES PHILPOT, PLAINTIFF IN ERROR, V. THE SAND-
WICH MANUFACTURING CO., DEFENDANT IN ERROR.

### SAME V. SAME.

1. **Infant.** Contracts of an infant, other than for necessaries, are
   voidable only, and upon coming of age he may affirm or avoid
   in his discretion.

2. ———. If an infant purchase personal property and give his
   promissory note therefor, he can not, upon arriving at the age
   of twenty-one years, retain the property and plead infancy as a
   defense to the note.

ERROR to the district court for Nemaha county. Tried
below before BROADY, J.

*J. H. Haldeman,* for plaintiff in error.

*E. H. Wooley,* for defendant in error.

MAXWELL, J.

These are two cases between the same parties, in which
substantially the same questions are presented, and they
will be considered together. The actions were brought
upon certain promissory notes given by the plaintiff and
one John Beadle for certain machinery. The defense set
forth in the answers was, that "the said James Philpot was
an infant within the age of twenty-one years." On the
trial, a jury being waived in each case, the court made
special findings of fact, which in the first case submitted
are as follows:

1st. The court finds that when the defendant James
Philpot signed the note sued on in this action, he was an
infant under the age of twenty-one years, and that he ar-
rived at his majority on or about March 10, 1883; that
after the maturity of said note, and after said Philpot had

arrived at full age, and before commencement of this action, he, said Philpot, made payments on said note, and promised the agent of plaintiff, who held said note for collection, that he would pay the balance due on said note if the defendant Beadle did not pay the same, and if plaintiff could not get said balance of said Beadle. That said Beadle did not and has not paid said balance, and plaintiff has not and could not get said balance of said Beadle. That when said Philpot made said promise he did not know he was not legally liable to pay said note, and that there is due and unpaid on said note the sum of $58. To which Philpot excepts.

2d. As a conclusion of law, the court finds that the defendant, James Philpot, is liable to plaintiff on said note, and that plaintiff is entitled to recover thereon against said Philpot said sum of $58.

The finding in the second case is substantially the same as in the first, except as to payment and the amount.

There is a want of harmony in the decisions in regard to the liability of an infant upon his obligations. Thus, Coke states the rule to be that an infant will not be bound by a personal obligation even where it is given for necessaries. Co. Litt, 172*b*.

In *Keam v. Boycott*, 2 H. Black, 511, Chief Justice Eyrie laid down the doctrine that where the court could pronounce the contract for the benefit of the infant as for necessaries, it was valid; where the court found the contract prejudicial to the infant it was void; and in cases where the benefit or prejudice was uncertain the contract was voidable only. Judge Story declared these instructions to be founded on solid reason. 1 Mason, 82. In this country the courts, at the present time, generally divide the contracts of an infant into those for necessaries, which are binding upon him; and other contracts, which are voidable at his election on coming of age. The well settled rule, therefore, is that a negotiable note of an infant is not void but voidable only. *Goodsell*

*v. Myers*, 3 Wend., 479.   *Wright v. Steele*, 2 N. H., 51.
*Best v. Givens*, 3 B. Mon., 72.   *Keil v. Healy*, 84 Ill., 104.
*Irwin v. Irwin*, 9 Wall., 617.   After an infant has arrived
at the age of twenty-one years he may disavow or ratify
any contracts not made for necessaries.   In the absence of
any statute providing how a contract shall be ratified, any
one of three modes ordinarily will be sufficient.   1st. An
express ratification.   2d. Acts which imply an affirmance.
3d. The omission to disaffirm in a reasonable time.   The
particular acts which constitute a ratification must neces-
sarily depend to a great extent on the nature of the con-
tract.   When it is executed and beneficial to the infant—
as where he has purchased real estate—it vests in him the
freehold until he disagrees to it, and the continuance in
possession after he is of age is an implied confirmation of
the contract.  So as to a lease.  *Delano v. Blake*, 11 Wend.,
85.   *Jones v. Phenix Bank*, 4 Seld., 228.   And an infant
can not be permitted to retain personal property purchased
by him, and at the same time repudiate the contract upon
which he received it.   *Kitchen v. Lee*, 11 Paige, 107.
*Lynde v. Budd*, 2 Id., 190.   *Deason v. Boyd*, 1 Dana, 45.
*Cheshire v. Barrett*, 4 McCord, 241.   *Ottman v. Monk*, 3
Sandf., 431.  He who asks equity must do equity.  In the
case at bar the purchase was a joint one.   The plaintiff,
after coming of age, so far as appears, made no offer to
return the property, but still retains possession.   He also
made payments on the notes.   This we regard as a suffi-
cient affirmance of the contract.   The law which enables a
party who has purchased property during infancy to disaf-
firm on coming of age, is to be used as a shield and not as
a sword—as a means by which he may be discharged from
a contract which he deems prejudicial.   The object is not
to enable him to rob others of their property, but upon
making restitution to be discharged from the contract.   The
fact that when Philpot made the promise, after coming of
age, to pay the notes, he did not know that he was not

legally liable to pay said notes, is not material in this case, and need not be considered, there being a sufficient ratification by other acts of the plaintiff. The plaintiff in error has the property, the fruit of the contract. There is no claim or charge that it was of less value than the price agreed to be paid. Honesty and fair dealing require that he should pay for the same. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.