## Charles E. Curry v. The St. John Plow Company.

1. INFANCY. *Contracts. Affirmances and Repudiation upon Attaining Majority.*—If an infant, after coming of age, does any act, clearly showing an intention to affirm a contract made by him during his minority, he can not afterward repudiate it.

2. SAME—*Must Return the Consideration.*—The maker of a promissory note can not plead his infancy as a defense and still retain, intending to keep, the consideration for which it was given.

3. SAME—*Must be Pleaded.*—Infancy must be specially pleaded.

4. SAME—*Evidence of Ratification.*—In an action against a person for the price of property sold him while an infant, it is competent to show that the defendant disposed of the property after the suit was brought as tending to throw light upon the question of ratification or affirmance.

**Memorandum.**—Assumpsit for balance due upon a promissory note. Appeal from a justice of the peace. Trial by jury in the Circuit Court of Brown County; the Hon. JEFFERSON ORR, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the November term, 1893, and affirmed. Opinion filed April 28, 1894.

APPELLANT'S BRIEF, R. E. VANDEVENTER, ATTORNEY.

An infant may disaffirm executory contracts without being first required to tender back the thing delivered to him under them, although the rule is different in executed contracts. 2 Greenleaf Ev., Sec. 367 (15th Ed.); Bishop, Contracts (Ed. of 1887), Sec. 919, and also Sec. 920, where it is said: " There are believed to be no exceptions except in very

special cases, to the proposition that whatever mere execu-
tory promise an infant makes, and though the consideration
for it has been paid to him, and as the general rule, although
he has not returned nor offered to return it, he can not be
compelled to perform it or pay damages for non-perform-
ance." Brown v. Hartford Ins. Co., 117 Mass. 479; Dunton
v. Brown, 31 Mich. 182; Carpenter v. Carpenter, 45 Ind.
142. The promissory note sued on in this case is merely an
executory contract of appellant. Bouvier, Law Dictionary,
Vol. 1, 356; 2 Blackstone, 443; Morton v. Steward, 5 Brad.
535. For in Bishop, Contracts, Sec. 624 (Ed. of 1887), it is
said : " When the thing agreed to be done has not been done,
the contract is executory." To constitute a ratification of an
executory contract by an infant there must be either an
express promise or acts of such character to amount to as per-
fect evidence of a ratification as an express and unequivocal
promise. Tibbetts v. Gerrish, 25 N. H. 41; Thompson v.
Lay, 4 Pick. 48; Smith v. Mayo, 9 Mass. 62; 2 Greenleaf,
Ev., Sec. 367. The note given by infant is an executory
contract and is invalid until ratified, and differs from an
executive contract in this, that the latter is valid until it is
disaffirmed. Morton v. Steward, 5 Ill. App. 535.

APPELLEE'S BRIEF, McDANNOLD & LEE, ATTORNEYS.

We contend for the following propositions as the law :

A contract executory upon the part of the infant can not
be disaffirmed by him after he has reached his majority, if
he retains the consideration, or has parted with it after
coming of age. He will thus be held to have ratified the
contract and can not successfully maintain his defense.
10th Am. and Eng. Enc. of Law, page 654, and cases therein
cited; Benjamin on Sales (Bennett's Notes), p. 39, citing
Boody v. McKenney, 23 Me. 517 ; Boyden v. Boyden, 9 Met.
519 ; Lawson v. Lovejoy, 8 Greenl. 405 ; Aldrich v. Grimes,
10 N. H. 194 ; Cheshire v. Barrett, 4 McCord 241 ; Alex-
ander v. Heriot, 1 Bailey Eq. 223 ; Deason v. Boyd, 1 Dana
45 ; Robinson v. Hoskins, 14 Bush. 393 ; Eubanks v. Peak,
2 Bailey 497 ; Philpot v. Sandwich Mfg. Co., 18 Neb. 45;

1st Parsons on Contracts (7th Ed.), p. 361, and cases therein cited; Bennett v. McLaughlin, 13 Ill. App. 349; Craig v Van Bebber, 18 Am. St. Rep. (Freeman's note), pp. 673. 674, 689, 690, 716.

A ratification made after suit overcomes plea of infancy. Best v. Givens, 3 B. Mon. 72; Slator v. Trimble, 14 Ir. C L. 342, 353; Doe ex dem. McCormic v. Leggett, 8 Jones' L. 425, 427.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment for $20, for the balance due upon a promissory note given by appellant to appellee for a plow sold and delivered. The defense interposed was that when the note was executed the appellant was under the age of twenty-one years.

The suit was begun a short time after he attained his majority. He then had the plow in his possession. He had previously, and while yet a minor, contracted to exchange it with a third party in a trade for a horse, and after the suit was brought, but before the trial, he delivered it accordingly. He afterward got it again into his possession before the trial but never offered to return it to the appellee.

The contract between the parties was voidable on the part of appellant because of his minority when it was made. It was not void, but he might elect to affirm or disaffirm, after he came of age. Infancy must be specially pleaded. Had the appellant not chosen to make this defense a judgment against him upon the note would certainly have been valid and enforceable.

Logically then, the contract being voidable merely, is valid until repudiated. Nor can it be repudiated if, after coming of age, the party has done any act clearly showing an intention to affirm.

The case presents the question whether the maker of a promissory note can plead infancy as a defense and still retain, intending to keep, the consideration for which it was given. It was distinctly held that he can not, in Philpot v. Sandwich Mfg. Co., 18 Neb. 54.

See, also, in support of the same doctrine, Boyden v. Boy-den, 9 Metc. 519; Boady v. McKenney, 23 Maine 517; Robinson v. Hoskins, 14 Bush 393; note to Craig v. Van Bebber, 18 Am. St. Rep. 660; 10 Amer. & Eng. Ency. 654, and cases cited in note.

It is said in the text books that if an infant pays money on his contract and enjoys the benefit of it, and then avoids it when he comes of age, he can not recover back the money paid; and on the other hand if he seeks to avoid an executed contract, of sale for instance, after he comes of age, he must restore the consideration he has received.

The privilege of infancy is to be used as a shield to protect him against unwise engagements but not as a sword to enable him to perpetrate wrong and injustice upon others. 2 Kent Com. 240; 1 Par. on Con., 269, and notes.

If, for example, he disaffirms a sale and wishes to reclaim the property sold, he must return the purchase money.

So, also, it is clear that if he had bought property and wishes to disaffirm and recover the money paid he must offer to return the property if he still has it, though if he has lost it or parted with it the authorities are not harmonious.

It is argued, also, that a distinction is to be taken between executed and executory contracts, and that in the latter case he may refuse to comply with his contract and still retain the consideration, e. g., the article for which he has given his promise to pay. It must be admitted that there are authorities in support of this position. We think, however, the better view is that as applied to cases like the present there is no ground for the distinction.

If he can not retain the article purchased and recover the price paid there is no sound reason why he should be allowed to retain the article and refuse to pay for it. Whether he be plaintiff or defendant the principle involved must be the same.

He is sufficiently protected if he is allowed to disaffirm—restoring what he has obtained and still holds, and being released from his obligation to pay.

If he will not pay he should return the property, and if

after coming of age he retains the property, under circumstances indicating his intention to treat it as his, he should be required to pay for it.

The vendor is bound by the contract. The vendee, because a minor when the contract was made, may disaffirm it, but until he does something clearly indicating his purpose to that effect, the vendor can not reclaim the property. He would be a trespasser if he should retake it. It seems that justice and fair dealing would require that the vendee in such case should act promptly and that there should be no unreasonable delay on his part in indicating his purpose; and that when he is sued for the price he should, with his plea of infancy, tender the property. It is true that the disaffirmance of the contract would place the parties in *statu quo* and that the right of property, as between them, would revert to the vendor, but this is hardly enough; the property should be restored if within the power of the vendee.

It is objected that the court allowed proof that the appellant disposed of the property as his own after the suit was brought. The proof thus admitted tended to throw light upon the question of ratification or affirmance. It tended to characterize his action in keeping it in his possession after he came of age, and up to the time he was sued.

As already stated, while yet a minor, he had contracted to exchange the plow for a horse, but did not deliver it in pursuance of this understanding until after he came of age and not until after the suit was brought.

His action as proved amounted to an admission that he considered the property as his, and that he had so regarded it all the while.

No doubt it would have been competent to prove that he had so declared after the suit was commenced, and it seems clear that it was also competent to prove an act which tended to establish the same thing. We think no error was committed in this respect. As to the instructions, there is no occasion for comment. What has been said will dispose of the objections made in that behalf. The judgment is in accordance with the merits, and it must be affirmed.