Blankenship et al. *v.* Stout.

---

HIRAM BLANKENSHIP *et al.*, Plaintiffs in Error, *v.* JOHN M. STOUT, Defendants in Error.

ERROR TO MARION.

A conveyance of real estate by a minor must be disaffirmed and repudiated within three years after his majority, or it will be upheld.

THIS bill alleges that complainant was on the 4th day of October, 1854, a minor of the age of twenty years, and on intimate terms with Spencer Blankenship, deceased, the ancestor of the defendants.

That on said 4th of October, 1854, complainant was the owner in fee simple of the south-east quarter of section twenty (20), town one (1) north, of range four (4) east, in Marion

county. At said date, complainant was a citizen of Fayette county, and ignorant of the location and value of his said land. That said Spencer Blankenship, being then alive, was acquainted with the exact location and value of said land, and knew the ignorance of complainant in reference to its location and value.

Said Blankenship, knowing the confidence of complainant in him and his reliance upon his knowledge and integrity, proposed to complainant to go on to and show him his land.

That said Blankenship, with a fraudulent design, took complainant on to and showed him a different tract of land, vastly inferior to the land of complainant, and worthless when compared with it. That complainant believed and relied on the untrue and fraudulent representations and showing of the said Blankenship, and so relying was induced to accept the proposition and offer of the said Blankenship for said land.

Sold and conveyed said tract of land to said Blankenship for forty dollars. The land pointed out by Blankenship was worthless—the land of complainant was worth four dollars per acre—complainant acted in the sale without the advice of friends, was a minor, and relied upon the good faith, integrity and friendship of Blankenship. Since his return, and within the last twelve months, he has learned the facts above recited.

That said Blankenship at the time of the sale knew the minority of the complainant, and by deception and fraud was induced to make the conveyance aforesaid.

That since complainant returned to this State, and the discovery of the fraud in his case, he has been dilligent in getting the case into court.

That Spencer Blankenship died 20th March, 1856, and left Hiram Blankenship and the other defendants his heirs at law.

The bill prays that the deed of October 4th, 1854, be delivered up to complainant, and the record thereof canceled, and that an account be taken of the rents and profits of lands since 4th of October, 1854, and that the amount due complainant over the forty dollars, purchase money and interest, be paid to complainant, and that a receiver be appointed of the rents and profits of the land, and that the defendants be restrained from selling land, and for general relief.

Answer of defendants states, they believe complainant was owner of the said tract of land as charged, and that he conveyed same to their ancestor, Spencer Blankenship, as charged. Admit the death of ancestor as charged.

Deny that said Spencer had notice that complainant was a minor at date of sale.

They deny that said Spencer ever showed complainant a different tract of land, or was guilty of the slightest fraud in

the premises; that complainant was a stranger that came into the neighborhood after he bought under the graduation act the land in question, with the other quarter section joining, and that the said Spencer had, through his minor son, Hiram Blankenship, made an improvement on the quarter section sold by complainant to said Spencer. That complainant was desirous to sell, and said Spencer desirous to buy, said land, because of said improvement thereon, and that he (said Spencer) had under the said act the special privilege of entering said land as a cultivator and occupant thereof.

That complainant bought three hundred and twenty acres of land, sold to Spencer one hundred and sixty acres, including said improvement, and continued for a long time to own the other one hundred and sixty acres. They admit that complainant was for a short time out of the State of Illinois, but deny that he changed his residence. They deny all fraud on the part of said Spencer, and deny generally all the allegations in the bill.

Cause came on to be heard by the court at March term, 1860.

Finding of the court as a foundation for the decree was, 1st, that complainant was born on 19th of September in the year eighteen hundred and thirty-five. 2nd, that complainant attained his age, 19th of September, eighteen hundred and fifty-six. 3rd, that conveyance mentioned in bill was made 4th of October, eighteen hundred and fifty-four, and while complainant was a minor. 4th, that the bill of complainant was filed 19th of February, eighteen hundred and fifty-nine, within the three years limited by law in case of minors. 5th, that bill of complainant was filed two years and six months after complainant had become of full age; and, therefore, the court pronounced its decree in conformity to the prayer of the bill, and the court, in addition to the prayer in the bill, decreed the master in chancery of Marion county to make and deliver to complainant a warrantee deed to the lands in controversy.

SILAS L. BRYAN, for Plaintiffs in Error.

STOKER & WILLARD, for Defendant in Error.

CATON, C. J. It is of the greatest importance that the common assurances of the country be rendered as certain as possible. Purchasers should be able to know, after ascertaining the facts, whether they can purchase a good title or not. While this certainly may not, in all cases, be attainable, courts should ever have this end in view, in laying down rules for the government of titles. This end is essentially promoted by fixing a definite limit within which a conveyance made by an infant shall

be repudiated after he attains his majority. Although the tenth section of the statute of conveyances does not, in terms, apply to all such cases, yet we are disposed to adopt the limitation there prescribed for the bringing of an action by an infant, after he attains his majority, as a reasonable time within which he shall repudiate a conveyance of real estate, executed by him while an infant. This would require him to disaffirm the conveyance within three years after he arrived at the age of twenty-one years, and the only question remaining is, whether this bill was brought within that period, for there is no pretense of any act of disaffirmance before the bill was filed.

The complainant's mother first testified that he would be twenty-five years of age on the 29th day of September, 1859, which fixed the date of his birth on the 29th of September, 1834. Subsequently, the family record was produced by Mrs. White, complainant's sister, which is shown to be in the hand writing of his father, who was dead at the time the first deposition was taken, but at what time he died is not shown. This record shows that the complainant was not born till the 19th of September, 1835. His mother then corrects her first deposition, and testifies that he was born on the day stated in the record; and so the court found the fact to be. We concur with the Circuit Court in its finding. According to this finding, the three years had not expired when the bill was filed, and consequently the complainant had a right to disaffirm the conveyance.

The decree of the Circuit Court must be affirmed.

*Decree affirmed.*