## Barbara Keil *et al.*

### *v.*

## George P. A. Healey *et al.*

1. Infant—*deed of, not void.* It is well settled by the authorities, that a deed made by a minor is not void but only voidable, and unless avoided within a reasonable time after becoming of age, it will be binding and obligatory upon the grantor and upon all others.

2. Same—*time in which to disaffirm deed.* If a person who has conveyed land during infancy desires to avoid the deed, he or she must do so within three years after arriving at majority, and a neglect or failure to do so will be held a ratification of the deed.

3. Limitation—*tacking disabilities.* Where a statute of limitation has once begun to run, no subsequent or supervening disability in the party

against whom it is taking effect will arrest its operation.  Cumulative disabilities can not, therefore, be regarded.

4.  Where a female who had made a conveyance of land during infancy was not married until some five months after becoming eighteen years old, it was *held*, that her coverture did not furnish any excuse for her not taking steps to avoid the deed within three years after her majority.

APPEAL from the Circuit Court of Cook county; the Hon. W. W. FARWELL, Judge, presiding.

Messrs. ROSENTHAL & PENCE, for the appellants.

Messrs. McCAGG, FULLER & CULVER, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Barbara Keil and Joseph Keil, her husband, to set aside a deed of certain real estate in Chicago, executed by Barbara Keil on the 22d day of October, 1852, while she was a minor.  She was, when the deed was executed, sixteen years of age.  She married Joseph Keil in January, 1855, being then about five months past eighteen. Since the deed was executed, the property conveyed has passed, by *mesne* conveyances, through the hands of several innocent purchasers.

The circuit court, on the hearing, rendered a decree dismissing the bill.  The complainants appealed, and at a former term of this court a decision was rendered reversing the decree. Petition having been filed, a rehearing was ordered, and upon further consideration of the case we have arrived at a different conclusion from that reached by a majority of the court when the record was first before the court.

The facts upon which the decision of the case will rest, are not controverted.  The real question involved is one of law, and that is narrowed down to the proposition whether Barbara Keil can now avoid the deed executed by her, on the ground that she was a minor at the time the conveyance was made.

The record affords no ground for the position of appellants, that the deed was obtained by fraud, but, on the other hand, it is obvious that, when the deed was made, she knew she was

conveying the land, and after she was of age, and before marriage, she knew she had conveyed, and that her grantees had parted with the title, and yet no effort was made to impeach the deed at the time on the ground of fraud, nor did she express any dissatisfaction with what she had done. The conduct of appellant Barbara, and the facts surrounding the transaction, are so inconsistent with the theory that the deed was obtained by fraud, that we can not adopt it, and the evidence affords so slight a foundation for the position, that further discussion of this branch of the case is not deemed necessary.

This brings us to the consideration of the real controverted question presented by the record: whether Barbara Keil can now repudiate the deed made by her while a minor.

It is well settled by the authorities, that a deed made by a minor is not void, but only voidable. Such has been held to be the law in many of the States, and it was expressly decided by this court in *Cole* v. *Pennoyer*, 14 Ill. 158.

The deed in question being voidable, Barbara Keil had the right, within a reasonable time after she became of age, to revoke it. If she failed to avail of this right, given her by the law, then the deed must be regarded as binding and obligatory upon her and upon all others. If she took no steps whatever to revoke the deed within a reasonable time after she attained her majority, non-action on her part will be regarded as a ratification of the instrument. She could not, by remaining silent for a number of years, render that void which was only voidable.

As was held in *Black* v. *Hills*, 36 Ill. 376, the deed of an infant may be ratified by acts *in pais* or by long acquiescence.

The deed before the court was executed in October, 1852. Barbara Keil was eighteen years of age in August, 1854, when, as has been settled by this court, her minority terminated. *Stevenson* v. *Westfall*, 18 Ill. 209; *Kester* v. *Stark*, 19 Ill. 328. But no steps whatever were taken by her to revoke the deed or disaffirm the conveyance until the filing of the bill, in January, 1871. When she arrived at the age of eighteen years, she had full power to sell and convey lands, make any

and all contracts she saw proper, and bind herself for the faithful performance of contracts, in the same manner and with like effect as other persons who were under no disability.

Was the act of disaffirmance, which came for the first time in 1871, and after the land had passed through the hands of several innocent purchasers, and had largely increased in value, within a reasonable time?

The time within which an infant, after majority, should revoke a conveyance made during minority, can not be regarded an open question in this State. In *Blankenship* v. *Stout,* 25 Ill. 132, it was held, that a person who has conveyed lands during infancy, was bound to disaffirm the deed within three years after arriving at majority, and a neglect or failure to do · so would be held to be a ratification of the conveyance. This rule was adopted from analogy to a section in the Limitation Law of 1839, which required one under disability to bring an action within three years after the disability was removed.

The same rule was adopted in *Cole* v. *Pennoyer, supra,* and we perceive no reason why it should be changed.

If the infant has been imposed upon, and his lands obtained for less than an adequate consideration, certainly three years after he attains majority is time enough to determine that fact, and bring an action to recover the property. On the other · hand, if a longer or indefinite time was allowed, the title to real property would be insecure, and the stability and repose in titles, which it is the policy of the law to foster and encourage, would be to a great extent destroyed. There is nothing that has a greater tendency to retard the growth and prosperity of a country than insecurity in titles to real property.

The complainant, however, seeks to avoid the operation of the rule announced, on the ground that after her minority ceased, she was under the disability of coverture.

From the 6th day of August, 1854, until the 12th day of January, 1855, Barbara Keil was of age and unmarried. During this time she was under no disability, but had full power to sell and convey lands, and engage in any legitimate business she might desire. During this period she might have revoked

the deed made by her while in minority, and conveyed the title to the land to another, or she could have brought ejectment or filed a bill to set aside the deed.

In the construction of statutes of limitations, it is a well recognized rule, that where the statute has begun to run, no subsequent or supervening disability in the party against whom it is taking effect will arrest its operation. Angell on Limitations, sec. 197. Cumulative disabilities can not, therefore, be regarded, as one disability can not be added to another. *Mercer's Lessee* v. *Selden*, 1 Howard, 37; *Eager* v. *Commonwealth*, 4 Mass. 182.

Had there been a statute barring the right of the complainant to revoke the deed, unless the revocation was made within a given time after she reached her majority, it is clear that she could not now obtain the relief prayed for in the bill. But as the law requires an infant, within a reasonable time after reaching majority, to disaffirm a conveyance made during infancy, and, in analogy to the provision of the Limitation Act of 1839, fixed that period at three years after the infant was of age, the principle that must control and govern the case is the same as if a statute of limitations had been enacted by the legislature.

The rule that an infant must disaffirm a conveyance within three years after reaching majority, or else be concluded by the deed, was fully settled by *Cole* v. *Pennoyer* and *Blankenship* v. *Stout*, *supra*, and the doctrine announced in those cases has remained the law of the State, unquestioned, so long, that it has become an established rule of property, and it should not now be changed or modified, unless the rule established was wrong in principle, and has operated detrimentally to the public interest, neither of which do we believe to be the case.

When, therefore, the complainant was of age, and free from disability, the time in which she had to disaffirm the deed commenced to run, and her subsequent marriage could not affect or prevent the running of the bar which had already commenced. She voluntarily permitted the time to pass in

which she could revoke the deed, and a court of equity is now powerless to grant her the relief which she has lost by her own neglect to assert her rights in apt time.

The decree of the circuit court will be affirmed.

*Decree affirmed.*