Abbott v. Creal.

ABBOTT v. CREAL ET AL.

1. **Contract**: VALIDITY OF: MENTAL UNSOUNDNESS OF PARTY. Persons of unsound mind will be bound by their executed contracts where such contracts are fair and reasonable and were entered into by the other parties without knowledge of the mental unsoundness, in the ordinary course of business, and where the parties cannot be placed in *statu quo*.

*Appeal from Page Circuit Court.*

WEDNESDAY, APRIL 8.

THIS is an action for the foreclosure of a mortgage. The cause was referred to J. M. Bartholomew, Esq., who reported the facts as follows:

1. That on the 14th day of November, 1877, the defend-

ants, Cyrus Creal and John S. Saulsbury, executed and de-
livered to plaintiff their promissory note as alleged in the
petition.    And that there is due thereon the sum of $3,167.80,
less $35.00, admitted in reply.

2.   That to secure said note mortgages were given as set
forth in the petition.

3.   That at the time of the execution of all of the mort-
gages the defendant, Amanda Creal, had not sufficient mental
capacity to contract.

4.   That the property described in the mortgage · as the
north half of block seven, in Ribble's addition to Clarinda,
was at the time of the execution of the mortgages thereon
used and occupied by the defendants, Cyrus and Amanda Creal,
as their homestead, they being husband and wife, and that
said property was in fact their home and only home.

5.   That at the time of the execution of said mortgages
the plaintiff had no actual knowledge of the mental incapacity
of the defendant Amanda Creal; that plaintiff parted with his
money in good faith, relying upon this security.

6.   That the defendants, Cyrus Creal and John S. Sauls-
bury, are without any property except what is covered by
these mortgages, and that the parties cannot be placed in
*statu quo.*

As conclusions of law the referee found that the plaintiff
is entitled to judgment for the sum $3,129.15, and to a fore-
closure of his mortgage as to all the mortgaged property.
The defendants' motion to set aside the report of the referee
was overruled, and judgment and decree were entered as recom-
mended.    The defendants, Amanda and Cyrus Creal, appeal.

*Clark & Parslow* and *Hepburn & Thummel,* for appellants.

*N. B. Moore* and *S. C. McPherrin,* for appellee.

DAY, J.   I.—It is conceded that Amanda Creal was not
of sufficient mental capacity to contract, at the time the
mortgage in question was executed.    It is claimed by the

appellants that the fifth finding of the referee is not supported by the evidence, and that Abbott had knowledge, sufficient at least to put him upon his guard, as to the mental incapacity of Amanda Creal, before the mortgage in question was accepted. We have examined the evidence upon this branch of the case carefully, and we unite in the conclusion that it does not support appellant's position. Besides, there is no statement in the abstract that it contains all of the evidence, or all of the evidence applicable to this branch of the case. In the state of the record we cannot disturb any of the referee's finding of facts.

II. It is claimed that, under the findings of facts by the referee, the mortgage is void as to the homestead. It has been set-tled as the law of this State that persons of un-sound mind will be held liable as to executed contracts where the transaction is in the ordinary course of business, is fair and reasonable, and the mental condition was not known to the other party, and the parties cannot be put in *statu quo*. *Behrens v. McKenzie*, 23 Iowa, 333; *Ashcraft v. DeArmond*, 44 Id., 229. It is claimed, however, that under section 1990 of the Code a conveyance or encumbrance of the homestead is of no validity unless the husband and wife concur in and sign the same joint instrument, and that, as Amanda Creal was mentally unsound, she could not concur in the mortgage, and hence no encumbrance of the property was effected. This reasoning would invalidate all contracts of persons of unsound mind, for it is essential to the validity of a contract that there should be a concurrence of the minds of the contracting parties. The very point in controversy was determined adversely to the position of appellant in *Ashcraft v. De Armond, supra*, for a portion of the land involved in that case, and to which the deed of conveyance was upheld, was the homestead of the party whose mental unsoundness was alleged, and, for the purposes of the decision, conceded. Following that case, the decree in this must be

AFFIRMED.