CLARA E. BURNHAM *et al.*

*v.*

JOHN W. KIDWELL.

*Filed at Springfield March 30, 1885.*

1. IDIOCY—*deed by an idiot—whether void, or only voidable.* A deed made by a person before he is adjudged to be an idiot, like the deed of an infant, is not void, but is voidable only.

2. SAME—*the statute as to the conditions to a valid deed—construed.* Section 1, chapter 30, of the Revised Statutes of 1874, to the effect that every deed, etc., not procured by duress, but signed, sealed, etc., the maker being of full age, sound mind, and discovert, shall be sufficient, simply declares

426      BURNHAM *et al. v.* KIDWELL.

Statement of the case.    Brief for the Appellants.

that certain things shall constitute a good deed,—it does not, by implication, negative that a good deed can in no otherwise be made.

3. SAME—*setting aside deed made by an idiot—upon terms.* Where land is bought of a person before he is adjudged an idiot, in good faith, by the purchaser, or money is loaned to him in good faith, and he secures its payment by mortgage, and the proceeds of the sale or loan are expended in and about his care and support, the deed or mortgage can not be avoided until the money so received by the idiot is returned, or offered to be returned.

APPEAL from the Circuit Court of McLean county; the Hon. FRANKLIN BLADES, Judge, presiding.

This was an action of ejectment, brought by John W. Kidwell, an idiot, as plaintiff, by J. M. Crigles, his conservator, against Mary A. and Clara E. Burnham, and their tenant, for one-half of the premises in dispute. On a trial by the court, without a jury, the plaintiff obtained judgment for the recovery of the premises, and the defendants perfected this appeal.

Mr. HAMILTON SPENCER, and Mr. W. E. HUGHES, for the appellants:

The statute makes contracts of an idiot, after the finding of a jury, void; but if made before the finding, they are only voidable. The statute does not, by express terms, include deeds and conveyances in its provisions, but deeds and conveyances are contracts, after all; and outside of the statute, the authorities are overwhelming that the deed of a person of unsound mind, if made before inquest found, is not void, but is only voidable. *Crouse* v. *Coleman,* 19 Ind. 30; *Breckenridge* v. *Ormsby,* 1 J. J. Marsh. 236; *Summers* v. *Pumphrey,* 24 Ind. 231; *Kates* v. *Woodson,* 2 Dana, 452; *Allis* v. *Billings,* 6 Metc. 415; *Hovey* v. *Hobson,* 53 Maine, 451; *Arnold* v. *Richmond Iron Works,* 1 Gray, 434; *Ingraham* v. *Baldwin,* 9 N. Y. (5 Seld.) 45; *Cook* v. *Parker,* 5 Phil. (Pa.) 265.

Neither the grantor nor his conservator can disaffirm the contract in any court without first refunding the purchase

money, and expenditures for taxes, etc. *Jennings* v. *Gage,* 13 Ill. 610; *Tisdale* v. *Buckmore,* 33 Maine, 461; *Knocke* v. *Rucks,* 34 Miss. 105; *Evans* v. *Gale,* 17 N. H. 573; *Otter* v. *Stuart,* 30 Barb. 20.

A party can not affirm a contract in part and rescind it as to the residue. If he rescinds, he must do so *in toto,*—he must put the opposite party in as good condition as he was before the sale was made. *Wolf* v. *Dietzsch,* 75 Ill. 205; *Buchenau* v. *Horney,* 12 id. 338.

A party can not rescind a contract of sale and at the same time retain the consideration he has received. He must put the other party in as good condition as before the sale, by a return of the property purchased. *Smith* v. *Brittenham,* 98 Ill. 188; *Hamilton* v. *Manufacturing Co.* 54 id. 370; *Buchenau* v. *Horney,* 12 id. 338.

To rescind an executed contract, there must be both mental weakness and also imposition or undue influence. *Miller* v. *Craig,* 36 Ill. 110.

Messrs. KERRICK, LUCAS & SPENCER, for the appellee:

We do not think it is very important to inquire whether the deed is void or voidable, as, in either instance, we think both judgments must be affirmed. It is provided by the statute: "That livery of seizin shall in no case be necessary for the conveyance of real property, but every deed, * * * not procured by duress, * * * the maker being of full age, sound mind, and discovert, shall be sufficient, without livery of seizin." (Rev. Stat. chap. 30, sec. 1.) So, at least by implication, the General Assembly has said that the deed of a person not of sound mind should not be sufficient to convey real estate.

There is a conflict in the authorities as to whether the deed of an idiot is void, or merely voidable. A number of the ablest courts have held it absolutely void, (*VanDusen* v. *Sweet,* 51 N. Y. 384, *Farley* v. *Parker,* 6 Ore. 105, and *Dexter* v.

*Hall,* 15 Wall. 24,) while others have held it only voidable. *Allis* v. *Billings,* 6 Metc. 415; *Gibson* v. *Soper,* 6 Gray, 279; *Hovey* v. *Hobson,* 53 Maine, 455; *Chew* v. *Bank of Baltimore,* 14 Md. 308.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

The question whether a deed made by an idiot or lunatic, before the fact has been found by a jury and a conservator appointed, is void, or only voidable, can hardly be regarded as open to argument, in this State. The first section of our statute in relation to idiots, lunatics, etc., provides for the impaneling of a jury to find whether a person is an idiot or lunatic, and requires the court to appoint a conservator, when he shall be so found. The 14th section of the same statute declares that "every note, bill, bond, or other contract, by any idiot, lunatic, etc., * * * made after the finding of the jury, as provided in section 1 of this act, shall be void as against the idiot, lunatic, etc., * * * and his estate." But by the next section (section 15) it is provided: "Every contract made with the idiot, lunatic, etc., * * * before such finding, * * * may be avoided, except in favor of the person fraudulently making the same." (Rev. Stat. 1874, chap. 86.) Since a deed is but one form of a contract, it is necessarily included in the word "contract," as here used. 1 Chitty on Contracts, (11th Am. ed.) 4; Bishop on Contracts, sec. 14.

Counsel for appellee, however, quote from section 1, chapter 30, of the Revised Statutes of 1874, to the effect that every deed, etc., not procured by duress, but signed, sealed, etc., the maker being of full age, sound mind, and discovert, shall be sufficient, etc., and insist that this, by implication, declares that one not of sound mind can not convey. This section simply declares that certain things shall constitute a good deed. It does not negative that a good deed can in no

otherwise be made. It places idiots, lunatics and minors in the same class,—that is, excludes each,—and yet nothing is better settled by the adjudications of this court than that the deeds of infants are not void, but voidable only, (*Keil* v. *Healey,* 84 Ill. 104, *Cole* v. *Pennoyer,* 14 id. 158, and *Blankenship* v. *Stout,* 25 id. 132,) and, necessarily, the implication contended for is not warranted. Moreover, in *Scanlan* v. *Cobb,* 85 Ill. 296, we expressly held that such a deed is voidable. Numerous decisions of other courts, not referred to in the opinion in that case, might be referred to in support of the doctrine, but it can not be necessary. The statute itself so declares, and that is conclusive.

Mrs. Carson and the appellants appear to have been purchasers in good faith and without notice, and it is quite clear that the original loan, to the extent it was made an incumbrance on the idiot's land, was made for the benefit of the idiot, and that it was, in good faith, expended about his care and support.

Although we have spoken of this party as an idiot, it is proper to be observed he is not entirely without mind, nor is he universally esteemed an idiot. Some testimony is adduced that he is not an idiot at all, and all that can be fairly deduced from the testimony, when all considered together, is, that he is weak-minded to a degree rendering him incompetent to successfully conduct business.

No offer has been made, either before or since bringing suit, to reimburse to the parties the money of which the idiot has thus had the benefit. He can not retain this money and still recover back the land. *Scanlan* v. *Cobb, supra; Eaton* v. *Eaton,* 37 N. J. L. (8 Vr.) 108; *Lincoln* v. *Buckmaster,* 33 Vt. 659; *Carr* v. *Halliday,* 5 Ired. Eq. 67.

The judgment is reversed and the cause remanded.

*Judgment reversed.*