## Frank Mead, Adm'r, v. Margaret Stegall.

1. CONTRACTS—*Parties Capable of Contracting.*—As a general proposition, in order to make a valid contract, there must be competent parties, capable of contracting, and whose minds must meet upon the terms of the agreement.

2. SAME—*Of Infants and Lunatics, Voidable.*—Contracts of infants and lunatics are voidable only and not absolutely void. They are capable of ratification by the incompetent person when the disability is removed.

3. SAME—*Questions of Competency—By Whom Raised.*—The question of competency can be raised only by the party himself, or his legal representatives, and can not be availed of by the other party to the contract so as to relieve himself from its performance.

**Proceedings in Probate.**—Trial in the Circuit Court of Knox County; the Hon. JOHN A. GRAY, Judge, presiding. Verdict and judgment for claimant. Appeal by the administrator. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed September 26, 1898.

GEO. SHUMWAY and J. T. WASSON, attorneys for appellant.

FLETCHER CARNEY and C. C. CRAIG, attorneys for heirs of Jas. H. Dew, deceased.

A deed or contract made by an idiot, or by a person of weak mind, is like the deed or contract of an infant, not void but voidable only. Burnham et al. v. Kidwell, 113 Ill. 425; Blackstone's Com., Book 2, Chap. 19, p. 291; Kent (10th Ed.), Vol. 2, page 607, star page 451.

When a deed or a contract is not void but voidable only, as, for instance, the contract of an idiot or an infant, then the party having the ability to contract can not take advantage of the disability of the other party and avoid the contract. It can only be avoided by the idiot or his legal representatives. The reason courts hold such contracts voidable only, is so that persons having ability can not repudiate. It would allow a person to take advantage of his own wrong. Kent (10th Ed.), Vol. 2, pp. 268–270, star page 236; Cole v. Pennoyer, 14 Ill. 158; R. S., Chap. 86, Sections 14, 15; Ferguson v. Sutphen, 3 Gilm. (Ill.) 547, 573.

As stated by Chancellor Kent, "If their contracts were absolutely void it would follow as a consequence that the contract could have no effect and the party contracting with the infant would be equally discharged. Kent, Com. (10th Ed.), Vol. 2, p. 268, star p. 236.

The statute of this State makes a contract made with an idiot or distracted person, after so found by a jury, void as to the idiot or distracted person, but provides that "the person making such contract with such idiot, lunatic, distracted person or spendthrift, shall be bound thereby," and that contracts made with an idiot or distracted person before such finding may be avoided, except in favor of the person fraudulently making the same." R. S., Chap. 86, Sections 14 and 15.

WILLIAMS, LAWRENCE & WELSH, attorneys for appellee.

MR. JUSTICE CRABTREE delivered the opinion of the court.

Appellee filed a claim in the County Court of Knox County against the estate of her father, James H. Dew, deceased, for the care and support of said Dew and his wife for five years prior to his death.

Appellant being administrator of such estate defended against the claim. On a trial in the County Court, without a jury, appellee was allowed the sum $1,047, and the administrator appealed to the Circuit Court. Upon a trial in the last named court by a jury, appellee obtained a verdict and

judgment in her favor for $1,000, the court having over-ruled a motion for new trial, appellant, as such administrator, prosecutes this appeal.

The evidence is quite clear and satisfactory that appellee took care of her father and mother for the five years covered by her claim, and that her services were worth all the jury have allowed her therefor, but the defense is, that appellee contracted and agreed with her father, when he was in Kansas in the presence of some of the heirs, that if appellee and her family were permitted to move upon and occupy a certain farm then owned by her father in Knox county, Illinois, she would support and take care of her father and mother for the use of the farm. And it is contended by appellant that in pursuance of such agreement, appellee brought her father and mother from Kansas, removed with them to her father's farm, and continued to reside there to the time of his death, and in her claim as filed, she gives credit on her account for five years' use of the farm, at the rate of $300 per year, or $1,500 for the term of five years.

Appellee denies that she ever made such agreement, and on this point there is a conflict in the evidence. It may be admitted that the proofs upon this question are not entirely satisfactory, but the evidence was for the consideration of the jury under proper instructions. It appears from the evidence that, for some twenty years prior to his death, the deceased was an epileptic and subject to frequent attacks of that disease, and it is contended by appellee that his mind was thereby so weakened as to render him incapable of entering into a binding contract. At the instance of appellee, the court gave instructions to the jury based upon the theory that if the father, by reason of disease or imbecility, was incompetent to enter into a legal contract with appellee, then she would not be bound, even if she had made the contract contended for by appellant. We do not thus understand the law, and hold such instructions to be erroneous. It is true, as a general proposition, that in order to make a valid contract, there must be competent parties capable of contracting, and whose minds must meet upon the

terms of the agreement. But as to the contracts of infants and lunatics, or persons *non compos mentis*, it is the well settled law of this State at least, that they are voidable only and not absolutely void. Burnham et al. v. Kidwell, 113 Ill. 425. They are capable of ratification by the incompetent person when the disability is removed. We think the question of competency may be raised only by the party himself, or his legal representatives, and can not be availed of by the same party to the contract to relieve himself from its performance. Howe v. Howe and others, 99 Mass. 88, 89; Allis v. Billings, 6 Metc. 415, 39 Am. Dec. 744, and note.

Any other rule than this would leave the *non compos* person a prey to the schemes of designing sharpers who might be unscrupulous enough to take advantage of his unfortunate position. Thus, if the same person to the contract could reap an advantage therefrom, he would do so, but if not, then he would disaffirm it on the ground the other party was incompetent.. The law is not so unmindful of the rights and interests of those who are incapable of protecting themselves.

Instructions were asked by appellant based upon the opposite theory and were refused by the court. We think this was error and that the instructions ought to have been given.

But for the error in the instructions we would not be disposed to reverse the judgment, but this is too serious to be overlooked, and the judgment must therefore be reversed and the cause remanded for a new trial.