# CHARLESTON.

JORDAN L. MORRIS, ADMR., *et al. v.* WILLIAM HALL *et al.*

Submitted October 18, 1921.   Decided November 8, 1921.

1.  INSANE PERSONS—*Deed of Insane Person Prior to Lunacy Inquisition, in Absence of Fraud or Imposition, is Voidable But Not Void.*

    The deed of an insane person, made before an inquisition of lunacy has been had, and in the absence of fraud or imposition, and without knowledge or notice to the grantee therein of such mental disability, is not void, but voidable only.   (p. 464).

2.  SAME—*Voidable Deed of Insane Person will not be Avoided Without Placing Affected Parties in Statu Quo.*

    And such a deed by an insane person being voidable only, will not be avoided at the suit of the insane person, his committee or heirs, without restitution of the benefits secured thereby, or by placing the parties affected in *statu quo.* (p. 465).

3.  SAME—*Insane Person or His Representative May Avoid Trust Deed Given to Cover Debt of Another to Grantee.*

    But when one obtains a deed of trust from such an insane person, which is made to cover in part the debt of another to him, and for which the grantor receives no benefits, such deed of trust may be avoided at the suit of such insane person, his committee, administrator or heirs, unless the property covered has been sold and conveyed to an innocent purchaser for value, in which event the beneficiary in such trust may be required to account to his grantor, or his personal representative or heirs, for the amount covered in excess of the benefits accruing to the grantor or his estate.   (p. 465).

Appeal from Circuit Court, Monongalia County.

Action by Jordan L. Morris, administrator of the estate of Mary D. Huggins, deceased, and others, against William Hall

and others, and from a decree setting aside and declaring null and void certain deeds, William Hall and certain other defendants appealed.

*Reversed and remanded.*

*Everly & Bowman,* for appellants.

*C. C. Rose* and *F. E. Parrack,* for appellees.

MILLER, JUDGE:

The bill was filed by Jordan L. Morris, administrator of the estate of Mary D. Huggins, deceased, and by said Morris and Charles H. Morris, his brother, in their individual rights as the only heirs at law of the said decedent, their sister, who died intestate, against the defendants William Hall, S. F. Glasscock, Trustee, Morgantown Savings & Loan Society, a corporation, I Grant Lazzelle, Trustee, Morgantown Security & Development Company, a corporation, Joe Walls, and Bruce D. Glover.

The bill alleges that the said decedent left debts which her personal property was not sufficient to satisfy; that prior to June 20, 1912, she was seized and was owner in fee of two certain lots of land situate in Morgan District, Monongalia County; and the source of her title thereto is also set out in the bill. It is further alleged that on said 20th day of June, 1912, decedent signed and delivered to the Morgantown Savings & Loan Society a deed of trust, in which I. Grant Lazzelle was named trustee, securing a loan of $1,040.00, but that said loan was engineered and carried through by the defendant Joe Walls, who received the money and appropriated it to his own use, and never repaid it to decedent or to any one for her; that at least the sum of $380.00 was paid on said loan by way of dues etc., to said Morgantown Savings & Loan Society; and notwithstanding said payments said Society demanded the sum of $1,086.00 in settlement of said loan, which was paid by the defendant William Hall; and that by reason of said payment by him, the said Hall had secured from said Mary D. Huggins another deed of trust, dated November 2, 1915, calling for the payment of the sum of $1,500.00, and which latter deed in addition to the prop-

erty covered by the deed of trust to Lazzelle, Trustee, was made to include another lot owned by decedent, the latter trust deed having been made to defendant S. F. Glasscock, Trustee; that on January 17, 1917, said lots had been sold by said Glasscock, Trustee, at which sale said Hall had become the purchaser thereof at the price of $1,350.00, which were deeded to him on the same day; and that said Hall, on October 9, 1917, had conveyed said property to the defendant Morgantown Security & Development Company, who on August 17, 1918, conveyed it to Bruce D. Glover, the present owner thereof.

The prayer of the bill is that said two deeds of trust and all the subsequent conveyances of said property may be set aside as a cloud upon the title of said Mary D. Huggins, and for general relief.

The only grounds alleged for the relief prayed for are that the said Mary D. Huggins, on June 20, 1912, when she signed and delivered the deed of trust to Lazzelle, Trustee, and on November 2, 1915, when she signed and delivered the deed of trust to said Hall and his trustee, S. F. Glasscock, and for several years prior thereto and up until the date of her death, was of unsound mind, not competent to execute a deed or deeds of trust; that she was then suffering from an incurable mental affliction, for which she had received treatment in an insane asylum at Dixmont, Pa., at two different times, from which she had received no beneficial results, and from which she never recovered to the time of her death; that when she executed said deeds, decedent did not possess memory, understanding and mind sufficient to know and appreciate the nature, character and effect of signing and delivering the same; and the second and last amended bill alleges that the defendants well knew the mental condition of decedent at the various dates of their transactions with her, and took advantage of her mental condition to rob her of her property. This latter allegation does not apply to the Morgantown Security & Development Company and Bruce D. Glover, for they are not alleged to have had any transactions with decedent, or notice of her insanity.

It will be observed from the recital of the allegations of

the bill that it is not alleged that the said Mary D. Huggins was at any time, either in the state of Pennsylvania or in this state, by any legal and competent authority adjudged to be insane, nor that any committee or trustee was appointed for her, and to whose custody and control her property was committed.. In the brief of counsel for plaintiffs it is argued that she had been adjudged insane in Pennsylvania, but the fact is not alleged, nor is it proven. It is simply a matter of inference from the fact alleged and proven, that some twelve years prior to the transactions in question, she had been received for treatment in some asylum at Dixmont, Pennsylvania, but from which she had been removed prior to her coming into and residence in this state.

The demurrers of the defendants Morgantown Savings & Loan Society and I. G. Lazzelle,Trustee, to the original and amended bills were sustained, and as to them the bills were dismissed; but the demurrer of the remaining defendants was overruled. On a subsequent day, however, the court sustained defendants' demurrer to an amended bill, which being again amended, their demurrer to the bill as amended was overruled, and defendants ruled to answer, which was done, the answers admitting the recorded facts, and did not specifically deny the insanity of the decedent, but did deny that defendants had any notice thereof at the time of the several transactions with her.

On this state of the pleadings, and the depositions taken and filed in the cause, the decree complained of, pronounced on the 18th day September, 1920, adjudged that the deed of trust from Mary D. Huggins to S. F. Glasscock, Trustee, and all the subsequent deeds, down to and including the deed from the Morgantown Security & Development Company to Bruce D. Glover, purporting to convey the said two lots originally held by said decedent, should be and the same were set aside and declared to be null and void as against the complainants, and a writ of possession was also decreed to plaintiffs against the said Bruce D. Glover or whomsoever might be found in possession of said property.

From the final decree aforesaid the defendants William Hall, S. F. Glasscock, Trustee, Morgantown Security & De-

velopment Company, and Bruce D. Glover obtained this appeal.

The bill, as already observed, does not allege that the decedent had ever been adjudged insane by competent authority. and the answers do not deny specifically the fact of insanity. Should the bill be regarded good on demurrer? It does not allege adjudication of insanity, nor notice of the fact of insanity by any of the parties except those who had transactions with Mary D. Huggins, which would not include the Morgantown Security & Development Company or Bruce D. Glover, who are not alleged to have had any transactions with her; nor is it alleged that decedent obtained no benefit from the deeds of trust or other deeds set aside by the decree, unless the allegation that Joe Walls engineered the loans and appropriated the money to his own use amounts to such allegation; nor is there any proffer in the bill to restore to defendants any of the money obtained by the decedent upon the deeds of trust alleged to be void.

While there has been some considerable conflict in the decisions on the question whether the deed of a lunatic, before inquisition of lunacy has been had, is void or only voidable, the rule is now well established in this country, by a long line of decisions, that in the absence of fraud, and when good faith has been observed on the part of those dealing with one not known to be insane, and with nothing to put them upon notice of such insanity or unsoundness of mind, the deed of such person is not void, but voidable only. The cases so holding are many, of which the following are sufficient to support the proposition: *Eaton* v. *Eaton,* (N. J.), 18 Am. Rep. 716; *Hull* v. *Louth, Guardian, et al.,* 109 Ind. 315; *Abbott* v. *Creal,* 56 Iowa, 175; *Myers* v. *Knabe,* 51 Kans. 720; *Burnham* v. *Kidwell,* 113 Ill. 425; *Downham* v. *Holloway,* 158 Ind. 626, 92 Am. St. Rep. 330; *Wait* v. *Maxwell,* 5 Pick. 217, 16 Am. Dec. 391; *Hovey* v. *Hobson,* (Me.), 89 Am. Dec. 705; *Castro* v. *Geil,* 110 Cal. 292, 52 Am. St. Rep. 84; *Blinn* v. *Schwarz,* 177 N. Y. 252, 101 Am. St. Rep. 806; *Smith* v. *Ryan,* (N. Y.), 123 Am. St. Rep. 609; *Pearson* v. *Cox,* (Tex.), 10 Am. St. Rep. 740; *Studabaker* v. *Faylor,* (Ind.), 127 Am. St. Rep. 397; *Allis* v. *Billings,* (Mass.), 39

Am. Dec. 744, note 749; *Riggan* v. *Green,* (N. C.), 30 Am. Rep. 77; *Flach* v. *Gottschalk Company,* (Md.), 71 Am. St. Rep. 418, note 430.

And being voidable only, like the deeds of infants and others under like disability, their deeds can not be avoided without restitution of benefits secured thereby, or placing the parties affected in *statu quo* as far as possible, this upon the principles pertaining to courts of equity, that when one comes into a court of equity for redress of supposed grievances, he will be required to do equity and will not be allowed to retain the benefits of a voidable transaction, but must make restitution as a condition of obtaining relief against his voidable act. *Odom* v. *Reddick,* (N. C.), 17 Am. St. Rep. 686; 16 Am. & Eng. Enc. Law, 625, and cases cited; *Loomis* v. *Spencer,* 2 Paige, 153; *Burnham* v. *Kidwell, supra; Abbott.* v. *Creal, supra; Myers* v. *Knabe, supra; Matthiessen & Weichers Refining Company* v. *McMahon's Adm'r,* 38 N. J. L. 536. In the latter case it is said the liability of the lunatic in such cases is upheld, not on the ground of the contract, but on the fact that he has received and enjoyed an actual benefit from the contract. See, also, 14 R. C. L. 593, section 47.

We think the bill as amended makes out a case for relief against Hall, for he is charged with notice of decedent's insanity. He denies such notice, and as there was no proof of notice to him, we do not think the pleadings and proof make a case against him on the fact of insanity. But as to the Morgantown Security and Development Company and Bruce D. Glover, not charged with notice, and being purchasers for value without notice, their title to the land could not be affected. The cases above cited will support this proposition. As to the defendants so situated the bill was demurrable, and their demurrer should have been sustained. *Odom* v. *Reddick, supra.*

As to Hall and Glasscock, his trustee, the case made by the bill is that he not only knew of decedent's insanity, but that when he took the deed of trust it was made to cover, not alone the $1,086.00 necessary to discharge the prior loan, but the sum of $1,500.00. The bill does not allege what the additional sum was intended to cover, but the evidence shows it

was intended to cover debts due him from the plaintiff J. L. Morris and the said Joe Walls, which in no way benefited said decedent. If such was the fact, and it had been clearly alleged and proven, Hall would not be protected in that part of his debt by the deed of trust to Glasscock but should be limited to the amount advanced to pay off and discharge the prior lien. As to that part of the debt the decedent's estate was benefited by the discharge of her property therefrom.

Moreover, the bill as lastly amended alleges that the plaintiffs desire a fair settlement of all the matters pertaining to all of said transactions; that each party shall receive or be permitted to retain whatever is just and right and in good conscience he should retain, but after such restitution or permission to retain the amounts to which each of said defendants are entitled, the remainder shall go and belong to plaintiffs. As the plaintiffs are the heirs at law of the decedent, the proffer of the bill should not go unheeded even on demurrer to the bill; but it leaves the bill certainly good on demurrer as to Hall, so far as it affects his right to retain or have enforced his deed of trust against the property for the debts of Morris and Walls included therein. True, the title of the innocent subsequent purchasers of the property can not be affected, but the allegations of the bill and the evidence thereon will support a decree against Hall for whatever sum was included in his deed of trust to cover the debts of Morris and Walls, not benefiting the decedent or her estate. The exact amount so included in the trust deed does not clearly appear, and it will have to be ascertained.

The case as made by the proof does not show notice of insanity to any of the parties who had transactions with the decedent, and there being no judgment of lunacy against her prior thereto, and the transactions being without such notice, and in good faith, and not in fraud of the decedent's rights, the deeds will not be set aside nor relief of any kind granted against those dealing with her, except upon the principles of placing them in *statu quo.*

In this case the evidence shows that Jordan L. Morris, one of the heirs and beneficiaries of the estate of the decedent, was himself the principal actor in procuring from his sister

the execution of both the deeds of trust, the one to Lazzelle, Trustee, and that executed to Hall and his trustee; that the check in the first case was made to Mrs. Huggins, and her endorsement thereon secured by him, and that he was responsible principally for the transfer of the funds to himself or to the firm of Morris and Walls; and in the second case Hall's check for the balance due the loan company, Hall thinks, was made to that company; and all this without the knowledge of any of the defendants, alleged or proven. Walls denies any complicity in the transactions relating to the borrowing of the money by Mrs. Huggins, and placed to the credit of Morris or Morris and Walls. Evidently there was disagreement and misunderstanding between the partners, which has brought about the present controversy and the effort on the part of plaintiffs to saddle the loss upon the defendants. Neither the pleadings nor proofs justify the decree, and our conclusion is to reverse it, and to remand the cause for further proceedings to be had in accordance with the principles herein affirmed, and further according to the principles governing courts of equity.

*Reversed and remanded.*