OPINION of the Court, by
Judge Owsifcr.
This was a suit in chancery, brought by Brown in the court below for the purpose of obtaining a conveyance to parts of two lots in the town of Georgetown, or compensation in damages, under a purchase made by a certain Julius Adams from the present plajntiff Lemmon, and through whom under various intermediate contracts Brown claims title.
Richard M. Gano appears from the exhibits in the cause to have obtained the legal title to one of the lots through James Lemmon, under whom John Lemmon when he sold to Adams also claimed ; and the court below being of opiniop that Gano was a bona fide purchaser without notice, refused relief against him, but decreed that Lemmon the present plaintiff should convey that part of the lot to which he had title, and make compensation for the other part of a lot held by Gano, according to its value at the time of taking an inquest of its value.
That court certainly decided very correctly in dismissing Brown’s bill as to Gano for as he is clearly shown to be a fair purchaser for a valuable consideration without notice óf a prior equity, there is no principle upon which a court of equity can compel him to surrender his legal title j and with respect to the claim against Lem-mon, we are also of opinion, notwithstanding Julius Adams was not before the court, that Brown has sufficiently shown himself entitled to relief. The answer of Lemmon not only admi’s the purchase by Adams, but *309 iiis obligation exhibited in the cause conclusively proves it; and as that obligation was given at a time when by law it was legally assignable, and as it also appears to have been regularly assigned by Adams, there can have been no necessity to make him a party; for as by the assignment the assignee acquired a legal right, and might have maintained an action at law in his own name apon the obligation, no reason is perceived requiring his assignor to bra party to a suit brought up.: si the obligation in equity.
With respect to the amount of compensation which Brown should recover for that pail of the lot held by Gano, we are however of opinion the decree of the court below cannot be sustained. The exhibits in the cause, so far from establishing a fraud on Lemmon, either in selling or failing to convey that part of the lot, conclusively show that he acted honestly in the sale, and has been prevented by no fault in him from perfecting the title. Under such circumstances it would ill accord with the principles of justice, and certainly violate the rules by which this court have been repeatedly governed, to compel Lemmon to pay the increased value of that part of the lot.
The decree of the court must therefore, as to Lemmon, be reversed, the cause remanded and a decree there entered for a conveyance to that part of the lot to which Lemmon has title, and compensation for the other part according to its value at the date of the contract, with interest.