Ch, J. Barry
delivered the opinion of the Court.
THIS suit was, instituted by the defendants m error, against the plaintiff, for the. conveyance of a tract of land. The bill alleges that on the 9th of December 1807, Benjamin Snelling sold to, Elijah Perry eighty-three acres of land, and executed his bond to him for the conveyance, with general warranty, with a reserva* tion of a life estate to a certain —;— Hodge and wife, in part of said land, the title to, be made on the payment of £25 10s. The bill alleges the payment of the money, the death of Hodge and wife subsequent to the execution of the bond, the assignment of the bond for a valuable consideration by Perry to William Snelling, by him to Holderman Rice, sen. and William P. S.nel-ling, and by them to the complainants^ and that said Benjamin Snelling was notified of the assignments, a deed prepared and presented him for his signature, and his refusal to convey, although possessed of (he legal title. The bill exhibits and refers to the title, bond, with the several assignments.
To this bill the defendant filed a general demurrer and answer, which does not controvert the allegations of the bill; but pretends some claim against the complainants and William Snelling, unconnected with (his matter, and not supported by evidence. The court overruled the demurrer, and decreed a conveyance of the land, appointing a commissioner to convey, on the, failure of the defendant to do so. The defendant fail.-v ing to convey according to the decree, a deed was executed by the commissioner, returned and approved by (he court, and a decree for costs in favor of the complainants; to reverse which, this writ of error ispro^ey, cuted.
Omission of ^ initial of a signature to an assign-not where theex-ecution is a- & no*
Triplett, for plaintiff;. Sharp, for defendants.
It is assigned for error, that the assignors were necessary parties, and ought to have been made defendants. Since the statute authorising the assignment of bonds, which passed before the date of this bond, assignors are not necessary parties. 4 Bibb 308.
The regularity of the assignment from William Snelling is objected to. His middle name is omitted in tlie signature. This cannot be material, as the bill expressly charges that he did assign it, and the answer of the defendant does not controvert it.
Other errors are assigned, that have no foundation, The proceedings, in other respects, appear to have been regular, and the decree a proper one.
Decree of the circuit court affirmed with costs.