Ison and Others v. Cornett.

CASE 8—ACTION BY R. N. CORNETT AGAINST WILLIAM ISON AND OTHERS TO QUIET TITLE TO HIS LAND.—JUNE 17.

# Ison and Others v. Cornett.

APPEAL FROM HARLAN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL. AFFIRMED.

INFANTS—CONVEYANCES—DISAFFIRMANCE — CONDITIONS — RECONVEYANCE OF PROPERTY RECEIVED.

Held: 1. A purchaser of land from a grantor who had, during infancy, made a prior conveyance thereof to another, was not precluded from acquiring a good title by reason of his knowledge of such prior conveyance.

2. One who has purchased land from an infant, and given in part consideration therefor other land, which the infant has also

sold, can not demand of such infant a disaffirmance of the latter sale as a condition of disaffirming the sale to him.

3. A stepfather, standing to his stepdaughter in loco parentis, traded to her, when she was seventeen years of age, for property belonging to her, property and money amounting in all to $550. When the daughter became of age, she elected to disaffirm her conveyance, and sold the property to another for $1,100, her father having in the meantime cut $200 worth of timber therefrom. HELD, that the father could recover the land which he had conveyed, so far as it or its representative was still retained by the daughter, and would be charged with the value of the timber which he had cut, and the reasonable rental value of the land while in his possession.

N. B. HAYS, J. G. & J. S. FORESTER AND J. H. HAZELRIGG, ATTORNEYS FOR APPELLANTS.

About twenty years ago John M. Creech died, leaving a widow, who has since married William Ison and daughter, Pasha, who has since married George Ison, and also a son, Joseph Creech. He owned four tracts of land which were divided between his two children, Pasha Ison and Joseph Creech, subject to the widow's dower.

In November, 1896, while Pasha was still an infant, she and her husband swapped her interest in the four tracts of land for a tract near by, owned by her stepfather, William Ison, but before Mrs. Ison made Pasha a deed for this tract she and her husband swapped it to one Elijah Ison for another tract of land, and at the request of said Pasha appellants conveyed the land of William Ison, so exchanged, to Elijah Ison. Pasha became of age July 21, 1901, and on July 22 she and her husband George Ison conveyed her interest in her father's land to the appellee herein, R. N. Cornett.

1. This is an action by appellee to quiet his title to the land, although we contend he has neither the title nor the actual possession of the land, both of which are jurisdictional facts without which he can not maintain his action, and his petition should have been dismissed on demurrer.

2. Mrs. George Ison and her husband has not ratified the deed of November, 1896.

3. From plaintiff's conduct he is not entitled to any relief in a court of equity.

4. The deed made by Mrs. George Ison to plaintiff on July 22, 1901, was procured by duress and undue influence.

5. The deed of July 22, 1901, was champertous because at that time the land was in the adverse possession of another.

### AUTHORITIES CITED.

Whiffle v. Earick, 93 Ky., 121; Gately v. Welder, 12 R., 621; Moss v. Gatliff, 11 R., 356; Keller v. Cooper, 12 R., 188; Middleton, &c., v. Hogue, &c., 5 Bush, 478; Hoffert v. Miller, 86 Ky., 574; Bull v. Sevier, 88 Ky., 515; Pomeroy's Equity Jur., vol. 1, sec. 401, vol. 2, sec. 919, 945; Clark on Contracts, pp. 365-6-7 and 8, Kraft's Gdn. v. Koenig, &c., 8 R., 870; Lightfoot v. Wallis, 12 Bush, 499; Kelly on Contracts of Married Women, p. 125; Green v. Scranage, 87 Am. Dec., 449; Eyster v. Hatheway, 99 Am. Dec., 537; Am. & Eng. Ency. of Law, vol. 27 (1st ed.), p. 482; Moore v. Baker, 92 Ky., 520; South's heirs v. Marcum, 22 R., 641; Sutton v. Pollard, 16 R., 685; Bowling's heirs v. Roark, 15 R., 499; Vallandingham v. Johnson, 85 Ky., 288.

W. F. HALL and T. L. EDELEN, for appellee.

The proof in this case is clear and conclusive that the appellants, the mother and stepfather of Pasha Ison at a time when she was an infant only seventeen years of age bought her interest in the land in controversy and took her deed to them, and then to make sure that she would ratify it caused her to make an affidavit that she would make them a new deed when she became of age.

The next day after she became of age she sold the land to the appellee and made him a deed to it, and under this title he brings this suit in equity to have his title quieted against the claim of the appellants.

After appellants got their first deed from this young girl, and the aforesaid affidavit they commenced to cut and destroy the valuable timber on the land, and Wm. Ison admits he realized over $200 from the timber and the rents and profits from the place.

Pasha Ison inherited one-half undivided of the four tracts of land belonging to her father, and her brother, Joseph Creech, owned the other half. By the conveyance of her half to appellee after she became of age, appellee, by his purchase, became a joint tenant with Joseph Creech to the whole of the land subject to the dower interest of the widow of John M. Creech. The possession of one of the joint tenants was the possession of both. This is a principle of law too well settled to require any comment. Vallandingham v. Johnson, 85 Ky., 288; Gardner v. Pace, 11 R., 216; Glass v. Glass, 7 R., 437.

The contracts of infants may be disaffirmed after they arrive at age and the highest character of disaffirmance is the execution of a deed to the same land to a third person. Tyler on Infancy,

sec. 31; Am. & Eng. Ency. of Law (2d ed.), p. 282; Kent's Com., vol. 2, p. 236; Youse v. Norcines Am. Dec., vol. 51, p. 175; Patterson v. Lake, 25 Mo., 544; Crisenger v. Welch, 15 Ohio, 156; Craig v. Vanbeber, 18 Am. St. Rep., 569; Searcy v. Hunter, 26 Am. St. Rep., 837; Green v. Green, 25 Am. Rep., 233; Walson v. Belleys, 42 Am. Rep., 1; Moore v. Baker, 92 Ky., 518; Napier v. Chappell's Admr., 22 R., 1904.

On the facts appearing in the record we submit·

1. That under the authority of the Kentucky Statutes, title "Contracts," and under the decision in the case of Moore v. Baker, 92 Ky., 518, construing that section, the appellee Cornett took title, and the judgment for that reason should be affirmed.

2. But in any event, if the action should be reversed the appellant, Ison, under no theory could be entitled to anything except his purchase money, less the amount he has realized by a sale of timber from the land itself.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

John M. Creech died about twenty years ago, leaving a widow and two children, who were both then infants. He owned four tracts of land. Some time after his death the widow intermarried with William Ison, and after this the daughter, Pasha, married George Ison. In the year 1886, when she was seventeen years of age, she and her husband swapped her interest in the four tracts of land owned by her father to her stepfather, William Ison, for a tract of land in Letcher county owned by him, he paying her $50 in addition in the trade. This trade was proposed by her and her husband, and seems to have been much canvassed before it was made. The tract of land which William Ison swapped to her was of the value of $500. So that she got in the trade $550 for her patrimony. He knew that she was only seventeen years of age, and took from her an affidavit that she would make him a deed after she became of age. Before deeds were made under this trade, she and her husband swapped the William Ison tract to Elijah Ison for a tract owned by him, and by agreement William Ison made a deed to Elijah Ison for his tract. Elijah Ison

conveyed his tract to her, and she conveyed her interest in
her father's land to William Ison. She and her husband
settled on the tract of land conveyed to her by Elijah
Ison, and subsequently, while she was still an infant, con-
veyed one-half of it to Joseph Holcomb, and made a deed
to him for it. After all this, on July 1, 1891, she became
of age. The deed which she had made to William Ison for
her land had not been recorded, and R. N. Cornett proposed
to her husband to pay him $1,100 for it. William Ison
heard of this, and on the day that she was of age went to
see her, asking her to make him a deed the next day. The
next morning he went to see Cornett, telling him of his
purchase of the land and requesting him to drop the trade,
and offered him $100 to do this. Cornett said he did not
want his money for nothing, and Ison told him if he bought
the land he would buy a lawsuit. That day Cornett took
to her house a deputy clerk, with a deed he had prepared
for her to sign. Joseph Holcomb's wife was there with
his deed for the purpose of getting that reacknowledged.
The proof is conflicting as to which deed was signed first,
but from all the evidence we conclude that it was in sub-
stance one transaction, and that both deeds should be
treated as executed at the same time. Both were on the
table together, and the proof leaves the mind in doubt as
to which was acknowledged and delivered first. Cornett
got his deed and paid the money, and Holcomb's wife got
his. Both were properly acknowledged. William Ison was
in possession of the land at the time. Cornett paid $1,100
for the land, $800 of it being paid in a stock of goods. Hol-
comb paid nothing for the acknowledgment of his deed.
Pasha Ison and her husband were then living on the re-
mainder of the tract conveyed to her by Elijah Ison, out-
side of the part conveyed by them to Holcomb, and con-

tinued to reside there. Before she became of age, William
Ison had cut off the land she conveyed to him timber of
the value of something over $200 and received the money
for it. What she had received for the land conveyed to
Holcomb is not shown. Cornett then filed this suit against
William Ison to quiet his title to the land. William Ison
answered, making his answer a counterclaim, and praying
that his title be quieted. The case was submitted to the
chancellor, who entered judgment in favor of Cornett, and
William Ison appeals.

The proof leaves no sort of doubt that Cornett bought
with full knowledge of the previous sale to William Ison
and of his claim to the land. It also leaves no sort of
doubt that Cornett paid for the land $1,100 in money and
property. Each of them earnestly maintains that the other
has no equity in his case. The stepfather evidently know-
ingly made a hard trade with his stepdaughter when an in-
fant, but the husband urged the trade, and there was no
fraud in it. Cornett bought with full notice of the prior
claim of William Ison; also of the reacknowledgment of
the deed to Holcomb, and that he was buying a lawsuit.

The deed of an infant conveying real estate, when any
valuable consideration passes to him, is not void, but void-
able only, and may be confirmed after his arrival at age
by the reacknowledgment of the deed or conduct showing
an election to stand by it. Hoffert v. Miller, 86 Ky., 572, 9 R.,
732, 6 S. W., 447, and cases cited. After arriving at age he
may disaffirm a contract made during infancy for the sale
of real property, either executed or executory, by merely
making another conveyance of the same property to a third
person, and it is unnecessary for him to refund to the first
person the consideration received in order to render the

second conveyance valid. Vallindingham v. Johnson, 85 Ky., 289, 8 R., 940, 3 S. W., 173. The purchaser holding under a deed made by an infant can not rely upon the champerty statute as against the second purchaser, as his holding is not adverse to the infant. Moore v. Baker, 92 Ky., 518, 13 R., 724, 18 S. W., 363. To same effect, see Freeman's note to Craig v. Van Bebber, 18 Am. St. Rep., 657, 703; 16 Am. & Eng. Ency. of Law, 288-293. The fact that Cornett had notice of the claim of Ison did not render his purchase void, for, as has been well said, the privilege of an infant to disaffirm his contract might be of little value to him if he were permitted to dispose of the property previously conveyed, to such persons only as had no notice of the prior conveyance. Jackson v. Burchin, 14 Johns., 124; Clamorgan v. Lane, 9 Mo., 446. It has also been held that if an infant conveys his land, and on attaining his majority ratified his conveyance, and then conveys to another person for a valuable consideration, the first grantee not being in possession, the second grantee, having notice of the deed made in infancy, but no notice of the ratification, is entitled to hold the land. Black v. Hills, 36 Ill., 376, 87 Am. Dec., 224. The rule is thus well stated in 16 Am. & Eng. Ency. of Law, p. 287: "The right of an infant to avoid his contract is one conferred by law for his protection against his own improvidence and the designs of others; and, though its exercise is not infrequently the occasion of injury to those who have in good faith dealt with him, this is a consequence which they might have avoided by declining to enter into the contract. It is the policy of the law to discourage adults from contracting with infants, and the former can not complain if, as a consequence of their violation of this rule of conduct, they are injured by the exercise of the right with which the

law has purposely invested the latter, nor charge that the infant, in exercising the right, is guilty of fraud."

Here Cornett had notice of all the facts, and bought with full knowledge of the situation; Ison, the prior purchaser, being in actual possession. But the infant had sold the land to Holcomb before her majority, and, as appears from the proof, had nothing at that time except the little place on which she resided. She was under no obligation to disaffirm her deed made to Holcomb. That deed was not void. It was only voidable. If she did not disaffirm it, it stood good. Ison, when she disaffirmed the deed made to him, could not demand of her, as a condition of that disaffirmance, that she should also disaffirm the deed made to Holcomb. Her acknowledgment, therefore, of the deed made to Holcomb after she became of age, deprived Ison of no legal right. She was under at least a moral obligation to Holcomb after she had disposed of the consideration received from him for the land conveyed to him. Her reacknowledgment of the deed put it out of her power thereafter to disaffirm it. But the same effect would have followed if she had remained silent and taken no action for the statutory period. Ison was in no worse condition after she reacknowledged that deed and disaffirmed his than he would have been if she had disaffirmed his without taking any action as to the Holcomb matter. He would have no claim on the Holcomb land if she had not reacknowledged Holcomb's deed and simply allowed the matter to remain as it was. If she had sold the land to Holcomb after becoming of age a different question would be presented; but when she reacknowledged the deed to him she simply elected not to disaffirm it, as she had the legal right to do, and, no right of Ison being prejudiced thereby, he can not complain. As it is the policy of the

law to discourage persons from buying the property of infants, and also its policy to encourage persons to buy their property at full value after they become of age without fear of losses by reasons of contracts made during infancy, the interests of this class of persons require that *bona fide* purchasers of their property for value after they have, arrived at age should be upheld; for otherwise their property might be sacrificed, as in this case, by a sale at half its value during infancy, and after they arrived at age no one would be willing to buy from them and pay the value of the property.

Pasha Ison is not a party to this suit, and we can not, therefore, determine her rights. But on the facts as presented the real equity of the case is not difficult to see. The disability of infancy is allowed by law as a shield, not as a sword. The infant may disaffirm his contract on becoming of age, and if, during his infancy, he has spent the consideration received, this is nothing more than the law expects of him; but if he still has the consideration, or its representative in money or property, he must, on disaffirming his contract, make restitution to the extent of the consideration still in his hands. Thus, if he gives his note for the price of personal property, and pleads infancy to the note, the title to the property revests in the vendor, and he may recover it in an action in trover. The same principles apply in the case of real estate. Kitchen v. Lee, 11 Paige, 107, 42 Am. Dec., 101; Henry v. Root, 33 N. Y., 526; Carr v. Clough, 59 Am. Dec., 345; 16 Am. & Eng. Ency. of Law 293; Manning v. Johnson, 62 Am. Dec., 732; Brantley v. Wolf, 60 Miss., 433. William Ison was the girl's stepfather. She was small when her own father died, and had grown up in his home. He stood to her *in loco parentis*. In this situation, when she was seventeen years of age, he

Ison and Others v. Cornett.

traded her out of her patrimony for $550, and this land, after he had cut over $200 worth of timber from it, sold for $1,100 about four years later, thus showing that the land in its original condition would have been worth over $1,300. The law will not enforce in his favor a contract made with her by him, by which more than half her property was taken from her. The rule is that ratification, to be binding on the infant, must be voluntary—the act of a free mind, and not done under misapprehension. Note to Craig v. Van Bebber, 18 Am. St. Rep., 705. There was no intention on her part to ratify the deed to William Ison. Cornett paid the full value of the property, and a loss should not be thrown upon him. Still she can not use her infancy as a sword, and the chancellor, on a proper application, can do justice between her and William Ison to the extent that she still retains the land that she got from him or its representative, charging him with what he has received from the timber cut off her land, and the reasonable rent while in his possession. Judgment affirmed.

Judge Paynter dissenting.

Petition for rehearing by appellant overruled.