## Campbell v. Kerrick, et al.

(Decided February 15, 1911.)

### Appeal from Hardin Circuit Court.

Deeds—By Persons of Unsound Mind—Not Void, but Voidable—Innocent Purchaser Without Notice.—The deed of a person of unsound mind is not void, but merely voidable, and such a deed will not be set aside as to a bona fide purchaser for value and without notice of the unsoundness of mind of the grantor, and this is especially true as to a second purchaser of the land.

W. A. BARRY and C. K. HALBERT for appellant.

IRWIN & IRWIN, S. H. BUSH and L. A. FAUREST for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirmed as to appellee, Tabb, and reversed as to appellee Kerrick.

On the 15th day of June, 1908, the appellant, J. J. Campbell, by deed of general warranty, sold and con-

veyed to the appellee, W. T. Kerrick, a tract of land on Valley Creek in Hardin county containing 60 1-4 acres. The consideration expressed in the deed was $1,084.50, and its cash payment therein acknowledged. On February 27th, 1909, Kerrick by a like deed sold and conveyed the same tract of land to the appellee, Isaac Tabb, at the cash price of $1,475. Both deeds were duly recorded in the office of the clerk of the Hardin county court.

This action was brought in the Hardin circuit court by appellant to obtain a rescission of the contract whereby he sold and conveyed the land to the appellee Kerrick, the cancellation of the deed to Kerrick and that made by the latter to Tabb; but appellant asked, if in the opinion of the court this relief would not be proper, that he be given a personal judgment against the appellee, Kerrick, for the difference between the amount paid him by Kerrick for the land and its alleged value at the time of the sale.

It was, in substance, alleged in the petition that the land was purchased by the appellee, Kerrick, of appellant at a grossly inadequate price; that appellant at the time of its sale and conveyance was of unsound mind and by reason thereof incompetent to understand the transaction or to contract; that his unsoundness of mind was then known to Kerrick and that the latter by fraud and misrepresentation took advantage thereof and induced him to enter into the contract.

Each of the appellees filed a demurrer to the petition, both of which the circuit court sustained; and appellant refusing to plead further the action was dismissed. Appellant excepted to the ruling on the demurrers and also to the judgment, hence this appeal.

We are clearly of opinion that the circuit court did not err in sustaining the demurrer of the appellee, Tabb. The petition fails to state a cause of action as to him. We have repeatedly held that the deed of a person of unsound mind is not void, but merely voidable, and this being true it will not be set aside as to a bona fide purchase for value and without notice of the unsoundness of mind of the grantor. This is especially true as to a second purchaser of the land. In Arnold's Committee v. Owen, 23 R., 1409, we said:

"The contract of a person of unsound mind, like that of an infant, is not void, but voidable only, if made before

inquest. If a second purchaser for value and without notice purchases from a first purchaser who is charged with notice, he thereby becomes a bona fide purchaser and is entitled to protection. Where a deed is not void ab inition, but only voidable, the title passes to the grantee and consequently, a sale by him to a bona fide purchaser without notice passes the title." Logan, et al. v. Vararsdall, 27 R. 822; 6th Cyc., 319; Breckinridge's Heirs v. Ormsby, 1 J. J. M., 236; Rusk v. Fenton, 14 Bush, 490.

In Logan v. Vanarsdall, supra, we held that where the grantor before the conveyance had been adjudged a lunatic, that fact, though conclusive evidence that such was his condition at the time of the inquest, was only prima facie evidence that such was his condition at the time of the sale and conveyance; and being a mere presumption, it could be overcome by oral testimony.

It is not alleged in the petition that the appellee, Isaac Tabb, knew when he purchased the land from Kerrick that appellant was of unsound mind or incapable of making a contract when he sold and conveyed the land to Kerrick, or that he was a party to or knew of the alleged fraud by which the latter obtained the deed from appellant; it is not even alleged that appellant was a person of unsound mind or incapable of contracting when Kerrick sold and conveyed the land to the appellee Tabb, or, if such was then his condition, that it was known to Tabb. He must, therefore, be regarded a bona fide purchaser of the land and without notice of appellant's alleged mental incapacity to contract when he sold it to Kerrick.

As the facts averred in the petition, though confessed by appellee Tabb's demurrer, showed that he acquired an apparently good title to the land by the deed from Kerrick, and appellant, after the demurrer was sustained, failed to amend his petition, its dismissal by the circuit court, in so far as it affected the appellee Tabb, was eminently proper. We are, however, unable to approve the action of the circuit court in sustaining the demurrer and dismissing the petition as to the appellee, Kerrick, for we think it stated a cause of action as to him; not by way of showing appellant entitled to the rescission asked, as that would not be proper in view of the fact that the title to the land has passed from Kerrick to Tabb, an innocent purchaser, but as entitling appellant to a judgment against Kerrick by way of damages, for the difference between the consideration paid

for the land and what it was then reasonably worth, if it was in fact worth more than was paid.

The averments of the petition fairly manifest the following facts which are admitted by the appellee Kerrick's demurrer: 1st. That at the time of the sale and conveyance of the land to the latter appellant was of unsound mind, owing to his extreme age and marital troubles, and by reason thereof mentally incapable of making the contract. 2d. That the appellee Kerrick at that time knew of his unsoundness of mind and consequent incapacity to make a contract and by fraud and misrepresentation induced him to sell and convey him (Kerrick) the land. 3d. That the consideration paid by the latter for the land was grossly inadequate.

If the foregoing facts should be established by proof they would entitle appellant to some sort of relief, and why not to compensation to the extent of the loss he sustained through the fraud of the appellee, Kerrick, by which he was induced to part with the land at a sum far less than its value? In such a case we think the measure of damages would be the difference, if any, between the price received by appellant for the land and its reasonable market value at the time.

Generally speaking, mere inadequacy of price will not of itself entitle a grantor to a rescission or to damages, but if, as alleged in this case, it is coupled with such acts on the part of the grantee as would constitute an overreaching of or fraud upon the grantor, it gives great weight to the right of the latter to relief. Especially would this be so, if, as here further alleged, the grantor by reason of infirmity of mind were incapable of contracting; for to make a contract it is essential that the parties be capable of understanding its terms and legally competent to obligate themselves thereby.

As said in Mathis v. O'Brien, 139 Ky., ——; 126 S. W., 156:

"The law will not interfere with the right of competent parties to contract as they please, or set its disapproval on the wide awake, vigilant and enterprising citizen who makes a good bargain. Nor will it come to the relief of those who with their eyes open understandingly and freely make a bargain. * * * But obviously, to inspire and promote justice and fair dealing between man and man, there must be a place at which the courts in good conscience will interfere to protect the weak

from the strong, and lend aid to those whose conditions and necessities have been taken advantage of. Otherwise the unscrupulous and avaricious would prey and thrive at will upon the needs and misfortunes of the helpless, dependent and simple minded.''

The averments of the petition call for the application of the principle announced in the case, supra, and if proved, following the return of the case to the circuit court and a denial of the averments of the petition by answer, appellant's recovery should be regulated by the measure of damages previously indicated.

We see no force in the contention of appellee Kerrick's counsel that the petition is fatally defective in that it fails to allege in express terms that appellant was the owner of the land he sold and conveyed Kerrick. The objection is a very technical one, and in view of all that is averred in the petition, wholly untenable; but it does not lie in Kerrick's mouth to urge it, as his only claim of title to the land came through the deed from appellant and that title he passed to the appellee, Tabb, by the deed made him; all of which is confessed by his demurrer to the petition.

It is unnecessary to consider the contentions of appellee Kerrick's counsel bearing on the question of rescission, as that character of relief can not be granted appellant and has, in fact, been abandoned by him.

For the reasons indicated, the judgment is affirmed as to the appellee, Tabb, and reversed as to the appellee, Kerrick; and cause remanded with directions to the circuit court to overrule the latter's demurrer to the petition and for further proceedings consistent with the opinion.