# Begley et al. v. Holliday's Committee et al.

(Decided March 24, 1933.)

NAPIER & EBLEN for appellants.

R. N. BEGLEY and J. T. BOWLING for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

L. F. Brashears, as committee for Ira Holliday, and May Holliday, wife of Ira Holliday, sued Harry M. Begley and Jacob West and Tabitha West to rescind a deed made by Ira Holliday and May Holliday to Harry M. Begley, conveying to him about 40 acres of land which by mesne conveyances had passed to West and his wife. They were successful, and Harry M. Begley and Jacob and Tabitha West have appealed. Harry M. Begley is a nominal appellant only; he having made no defense in the trial court, and having filed no brief in this one. Jacob and Tabitha West, however, are very earnest in their appeal, and insist the trial court erred in two particulars: (a) When it canceled the deed by which they held title to the 40 acres in controversy; (b) when it refused to give them relief against their intermediate grantors who had conveyed this property by deed containing warranties of title. West and his wife are in no position to complain of error (b), as they failed to make these intermediate grantors parties to this appeal. Their complaint of error (a) is more meritorious.

It is alleged that on March 4, 1920, Ira Holliday and his wife, May Holliday, conveyed the tract of land in question to Harry M. Begley, that the latter sold it

in a few months, and it has since been sold several times finally to Jacob and Tabitha West.

It is alleged that, when this conveyance was made, Ira Holliday was so mentally incapacitated that he did not know what he was doing, that his wife, May Holliday, was then but 17 years of age, and that Harry M. Begley knew these facts when he accepted this deed from them.

This deed is not in the record, but the evidence is, that the consideration for making it was the cancellation by Begley of notes signed by the Hollidays aggregating $490, and secured by a lien on the land, the delivery of a yoke of steers taken at $80, and the payment of $60 in cash, thus making a total of $630.

It is alleged and seems to be admitted that on January 9, 1927, Ira Holliday was adjudged to be insane, and is now in an asylum. L. F. Brashears claims to be his committee under appointment of the Perry quarterly court. He did not file a copy of the order appointing him which would probably show he was appointed by the Perry county court, and we have treated him as if so appointed.

The deed of an insane person is not void, but voidable, and, before a court will set it aside, some equitable grounds warranting its cancellation must be shown. See Clay v. Clay's Committee, 179 Ky. 494, 200 S. W. 934. The Hollidays obtained a fair price for the land. It has been sold three times since, each time for $600, so it cannot be said the consideration was inadequate.

All three of these subsequent grantees appear from the proof to have paid valuable considerations for the property, and each appears to have known nothing of the alleged insanity of Ira Holliday when he made this deed in March, 1920. They are therefore bona fide purchasers. See Black on Rescission and Cancellation, sec. 258; Campbell v. Kerrick, 142 Ky. 279, 134 S. W. 186; Bevins v. Lowe, 159 Ky. 439, 167 S. W. 422; Johnson's Committee v. Mitchell, 146 Ky. 382, 142 S. W. 675; and Arnett's Committee v. Owens (Ky.) 65 S. W. 151, 23 Ky. Law Rep. 1409. Thus we see Ira Holliday and his committee are not entitled to relief as against them.

May Holliday is alleged to have owned some interest in this property, but there is no proof what her

interest was. The proof is she was born April 14, 1903, and she is seeking to cancel this deed because made during her infancy. Whatever her interest was, she cannot recover it except upon terms that will be just to all parties interested. See Thompson v. Glinn, 8 Ky. Opin. 886; 31 C. J. p. 1021, sec. 71. She must offer to return the consideration she received, if she has it. See Ison v. Cornett, 116 Ky. 92, 75 S. W. 204, 25 Ky. Law Rep. 366; Sewell v. Sewell, 92 Ky. 500, 18 S. W. 162, 17 Ky. Law Rep. 1069, 36 Am. St. Rep. 606.

The proof fails to show what, if any, part of the $60 cash or the yoke of steers was received by May Holliday, but it does show that purchase-money notes aggregating $490, signed by her and her husband, and secured by a lien on this land, were canceled. She was by the making of this deed released from her obligation to pay these notes, and, having secured that advantage, the courts will not listen to her plea for the cancellation of this deed when she does not offer to restore the status then existing; that is, either to give new ones or to pay the old ones.

The judgment is reversed, with direction to dismiss the petition.