## Fannin et al. v. Conn.

December 9, 1949.

A. W. Mann for appellants.

E. Poe Harris for appellee.

CLAY, COMMISSIONER—Affirming.

This is an appeal from a judgment reforming three deeds in appellee's chain of title.

Appellant, Harry Fannin, and his sister Ruth at one time owned three tracts of land which had been acquired by inheritance and purchase. The property consisted of what is known as: (1) the mill lot, (2) the storehouse lot, and (3) a twenty-three acre tract. Harry owned a three-fourths undivided interest therein, and Ruth a one-fourth interest. In 1941, apparently as a settlement of their respective rights, Harry conveyed to his sister the mill lot, and she paid him a consideration of $100. In 1945 Ruth conveyed this property to one Phillips, and in 1946 Phillips conveyed it to appellee.

The "mill lot" is a small, irregular, unimproved tract with an estimated value of not over $100. Adjoining it is the storehouse lot, on which a dwelling is located. Appellee claims the description of the property in the original conveyance to Ruth, and the subsequent conveyances by her and Phillips, should properly have included both the mill lot and the storehouse lot, and this is the reformation sought.

The property had not been surveyed. Appellant testified he did not know where the line was between the mill lot and the storehouse lot, or exactly what property was covered by his deed. When asked why his sister would pay $100 for a lot worth no more than that and at the same time relinquish her interest in the rest of the property which had a value of about $3500, he answered: "Well, that is just ignorance between us is the reason we done it that way." When asked when he first began to claim the storehouse lot, he answered: "Well, I have been claiming it ever since I found the mistake."

It appears the Phillips lived in the house on the storehouse lot from 1943 to 1945 as the tenants of Ruth, and continued to live there as owners after they had

purchased the property from her. This situation existed with the knowledge and consent of appellant. The Phillips paid for the property $750, and made substantial improvements. Appellee purchased from them at the price of $1600.

The evidence is clear and convincing that a mutual mistake was made by Harry and Ruth concerning the description of the property intended to be conveyed when the first deed was executed in 1941. The subsequent purchasers in good faith understood they were buying the mill lot and the storehouse lot together, and they paid valuable consideration therefor. Appellant, with knowledge, stood by and failed to assert an adverse claim for several years, to the obvious prejudice of appellee. In all equity his deed and the preceding ones should be reformed as decreed.

Appellant insists that without regard to the foregoing, the deed from Ruth to the Phillips was void because at some prior time she had been adjudged of unsound mind, and therefore appellants' chain of title is fatally defective. Assuming that she had been so adjudged after the conveyance from appellant, her subsequent deed was not void, but voidable only under certain circumstances. See Campbell v. Kerrick et al., 142 Ky. 279, 134 S. W. 186; Clay v. Clay's Committee et al., 179 Ky. 494, 200 S. W. 934. Any right she might have to set aside her deed would be vested in her, or her representative, and neither she nor anyone on her behalf has asked such relief in this action. Since appellant parted with title to the property in 1941, he has no further interest therein and no right to attack Ruth's subsequent conveyance.

For the reasons stated, the judgment is affirmed.