## GLASS v. GUTMAN.

Court of Appeals of Kentucky.

March 19, 1954.

Rehearing Denied June 18, 1954.

———◆———

Frank Gofton Ware, Covington, for appellant.

Andrew W. Clark, Covington, for appellee.

WADDILL, Commissioner.

Chester L. Glass, appellant, brought this action for a declaration of his rights and interest in certain real estate in Kenton County and also in the business being conducted on the premises.

Early in 1941, appellee's ex-husband, Max Gutman, called appellant at his home in Springfield, Ohio and told appellant that he was interested in purchasing the property and asked if appellant would like to invest some money in the venture. Glass and Gutman were good friends and Glass sent Gutman a check for $750. The purchase price of the property was $11,500 of which $1,500 was paid at the time of purchase and the balance of $10,000 was to be paid out of the profits from the operation of a fishing lake on the premises.

Later, Glass and Gutman agreed that Glass' interest in the business was not to be disclosed and it was also agreed that Glass was not to take any part in the operation of the lake. Gutman took a deed to the property in his own and appellee's name as husband and wife. Prior to 1946 there was no written expression of the interest Glass held in the property or in the business. There had not been any distribution of profits to Glass except on one occasion when Gutman gave Glass about $40 out of a slot machine.

In 1946, upon Glass' request for some document to show his interest in the property Gutman mailed to Glass the following document:

"Know All Men By These Presents:

"July 24, 1946,

"That Chester Glass of Springfield, Ohio, is half owner of the *unimproved* property known as Hatchet Lake, an area of approximately 38 acres, situated near the intersection of 16th and Monroe Streets at Covington, Ky. This property does not include the buildings now existing or those to be built in the future nor the reasonable area necessary for normal living with a right-of-way to and from said areas.

"s/s Max Gutman".

Gutman explained the use of the word "unimproved" by saying that he was building a house and garage on the premises at his own expense. Gutman said that the value of the other buildings was negligible and that if they ever erected any building with lake funds, the document would be changed.

From that time to the inception of this suit in 1952, Glass received no share in the profits, no further document evidentiary of his ownership, and took no part in the operation of the business. In 1949 he asked Gutman for some further proof of his interest, but Gutman replied, "I hardly see how I could give you anything more valid than the document you hold now." At that time Gutman and his wife were separated, and in 1951 Gutman made her a deed of general warranty to the lake property as part of a property settlement, which deed was duly recorded prior to the institution of this action. In 1952 appellee and Max Gutman were divorced. Appellee has continued to operate the lake business from the time of her separation from her husband.

Appellant contends that Gutman held the title to the property on an implied trust in his favor. He cites 40 Am.Jur., Partnership, Sec. 96, to support his contention.

■ However, the common-law rule that when a deed is made conveying land to one person and the consideration is paid by another a trust results in favor of the one paying the consideration has been changed by KRS 381.170 so that no trust results unless the person furnishing the consideration did not consent to the other person's taking title in his own name. McFarland v. McFarland, 263 Ky. 434, 92 S.W.2d 785.

■ KRS 381.170 was not, however, intended to affect the doctrine that equity will follow a fund and compel restitution as long as it can be identified and followed. Board of Trustees of Fordsville v. Postel, 121 Ky. 67, 88 S.W. 1065.

■ The court found as a fact, under ample evidence, that appellant knew from the beginning that his name was not connected with the record title of the property or with the business.

■ It is evident that, whatever may have been the understanding between the parties in 1941, by the time this relationship was reduced to writing in 1946, appellant's interest was considerably less than that of a full partner. Appellant should have asserted his alleged rights openly when it became apparent to him that Gutman and appellee were taking a position inconsistent with that claimed by him. Appellee testified that she and her husband never considered Glass as a partner and that she had no knowledge of the writing under which Glass claimed ownership of a half-interest in the unimproved property.

■ The conveyance Mrs. Gutman took from her husband was in settlement of her marital property rights after their separation and she is therefore in the position of a bona fide purchaser for value, as we have held that such agreements are supported by valuable consideration. Murphy v. Murphy, 308 Ky. 194, 213 S.W.2d 601.

■■ Any equitable rights which Glass may have against Gutman would have to be asserted in a suit against Gutman. Courts look with disfavor on latent claims founded on neglect to record an instrument affecting title as against a purchaser for value. Terry v. Ellsworth, 236 Ky. 54, 32 S.W.2d 558. It is a well-known rule of law that a bona fide purchaser of land without notice of an equity in favor of a third person is not affected thereby. Lemmon v. Brown, 7 Ky. 308, 4 Bibb 308. Vanderpools' Guardian v. Louisville Gas & Electric Co., 251 Ky. 337, 65 S.W.2d 69.

■ In the separation agreement, appellee expressly assumed the payment of a claim of $800 against the Hatchet Lakes property in favor of Chester Glass.

Since Mrs. Gutman expressly acknowledged the existence of this claim for $800 against the Hatchet Lakes property in favor of appellant, we must hold the judgment in error in that it awarded appellant only $750 with interest from 1941. Therefore the judgment is modified to the extent that appellant recover of appellee the sum of $800 with interest at 6% from March 25, 1941.

As modified herein, the judgment is affirmed.